Argued February 19, affirmed March 26, 1929.

F. M. KIGHT <em>v.</em> W. ORCHARD–HAYS ET AL.

(275 Pac. 682.)

For appellants there was a brief and oral argument by *Mr. W. L. Cooper.*

For respondent there was a brief and oral argument by *Mr. F. M. Phelps.*

COSHOW, C. J.—1. Defendants rely upon the well-established legal principle that an agent cannot serve both parties to a sale in which their interests conflict. The legal principle is well stated in 1 Mechem on Agency (2 ed.), Sections 178, 1588, 1589, 1590. Defendants cite a large number of authorities in support of their position, but we believe it unnecessary to cite further authorities on a principle as well established as is the law controlling double agency as stated above in Mechem.

2. It is equally well settled that a person may act as agent for two parties with the consent of the parties.

"A person may act as agent of two or more principals in the same transaction, if his duties to each are not such as to require him to do incompatible things; or if he is employed in a capacity which does not imply trust and confidence, as where he is a mere middleman who brings parties together and then leaves them to bargain for themselves. * * If, however, having full knowledge of his relations to each, they see fit mutually to confide in him, there can be no legal objection to such employment, nor will either of the principals be permitted afterwards to escape responsibility because of such double employment." 1 Mechem (2 ed.), § 178. 2 C. J. 712, 713; *Bonelli* v.

*Burton,* 61 Or. 429, 433 (123 Pac. 37); *Jameson* v. *Coldwell,* 23 Or. 144, 148 (31 Pac. 279).

3-5. Defendants attempted to introduce evidence which would have conflicted with the written contract entered into between plaintiff and defendants. They sought to introduce evidence to the effect that defendants did not read the contract which they signed. It is elementary law in this state that defendants are bound by their contract and are not allowed to contradict a written contract by oral testimony or to say that they did not know the contents thereof without pleading and proving fraud. The excerpts from the contracts set out above clearly show that a valid contract existed between plaintiff and defendants for payment of a real estate broker's commission. The land sold for defendants by plaintiff is described in the contract between defendants and said Odom. That contract refers in specific terms to the promise of defendants. to pay plaintiff a commission; that promise to pay is in writing and is subjoined to the contract between defendants °and said Odom. The latter promise also refers specifically to the contract between defendants and Odom. Thus the contract of sale is made a part of the promise to pay a commission, and the promise is made a part of the contract. The promise being in writing expressing the terms and subscribed by the parties complies fully with the statutes of fraud: Or. L., § 808, subd. 8. The contract between plaintiff and defendants being in writing, no evidence of the contents thereof other than the writing itself was admissible: Or. L., §§ 712, 713.

6. The agreement in writing discloses clearly that plaintiff was acting for both parties in the exchange between defendants and said Odom. The evidence

tends to show that plaintiff brought the parties together and they effected a trade of their properties. The trade so effected is expressed in the written agreement of Plaintiff's Exhibit "A," being the agreement from which the above excerpts were taken. Defendants are bound by that contract. The court did not err in sustaining objections to the offer of defendants to introduce evidence tending to vary the terms of the written contract or to evidence tending to show that defendants did not know the contents of said contract. A very similar contract was sustained in *Thomson* v. *Silsby,* 120 Or. 501 (252 Pac. 712). The court properly directed a verdict since defendants had admitted the execution of the contract and offered no competent evidence to support their defense.

Finding no error the judgment is affirmed.

AFFIRMED.

McBRIDE, RAND and BELT, JJ., concur.