Argued December 8, 1964, affirmed January 20, 1965

## RUSHO *v.* MILLER ET AL
### 398 P. 2d 191

*James A. Redden,* Medford, argued the cause for

appellants. On the briefs were Collins, Redden & Mullen, Medford.

*Theodore W. Phillips,* Medford, argued the cause for respondent. On the brief were Dickey & Phillips, Medford.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

## SLOAN, J.

This was an action for the alleged wrongful death of plaintiff's husband. His death resulted from a collision between a car driven by the decedent Charles Rusho, and a wrecked truck owned by defendant Brownlee. The truck was in the decedent Rusho's lane of travel. In this action plaintiff recovered a verdict and judgment. Defendants appeal. Defendants devote most of their argument to the refusal of the trial court to direct a verdict in their favor. The appeal presents only issues of fact.

The accident happened in the early morning hours of November 28, 1962, on U. S. Highway 99 north of Ashland. The highway at the place of the accident had four lanes of traffic. Before the accident defendant Miller had been driving the involved truck in a northerly direction. He testified that as he drove along, a horse suddenly came on the highway in front of him. Miller testified that he applied his brakes; the trailer skidded to his left and "jackknifed" onto the other side of the highway. The truck-tractor skidded into the ditch on the west side of the highway, facing south. The flat bed trailer extended at an angle into the west lane of travel. There was a dispute in the evidence as

to the extent that the trailer blocked the two west lanes of travel. The trailer at least, completely blocked the most westerly lane of the highway.

Defendants' truck had been followed by another truck driven by a Mr. Huener. About three-fourths of a mile before the accident just described, the defendants' truck had passed Huener. Huener was able to see the truck cross the highway and run into the ditch on the opposite side of the highway. His version of the movement of the truck was somewhat different than that given by Miller. The jury might have considered this difference in testimony as significant. For our purposes it was not important. Huener testified that the truck drove in a diagonal line across the highway and did not jackknife until it ran into the ditch.

Huener stopped his truck and came to the cab of defendants' truck. Miller asked him if he had any flares. Huener then returned to his truck, got some flares and again went to the wrecked truck. He and Miller then started to the north, attempting to light the flares as they ran. The flares would not function. As they started to the north they observed the lights of a car coming towards them. When the flares failed to work they waved their arms and shouted. The driver of the car, Mr. Rusho, apparently did not see them. Huener and Miller were forced to jump to the side of the highway to avoid being struck by the car. The car drove into the trailer which, as stated, was in the westerly lane of traffic, causing Rusho's death. Other evidence disclosed that Rusho was on his way home from his job on the swing shift of a lumber mill in Medford.

Plaintiff's complaint alleged that defendants were guilty of excess speed, lack of control and lookout, driving on the wrong side of the highway and failure to place flares on the highway as required by statute.

ORS 483.456 (2). Defendants argue that because of the emergency created by the appearance of the horse there was no negligence on the part of Miller. They also argued that because their truck had come to rest before the accident that any negligence preceding that event had been spent and could not be the cause of the accident. They also charged that Rusho was negligent and that his negligence was a cause of the accident. Defendants' contentions were asserted both in the motion for directed verdict and by exception to instructions given on each of the specifications of negligence. No motion was made to withdraw any of the specifications alleged in the complaint. Defendants' claim is that there was not sufficient evidence to permit jury consideration of the case.

■ The evidence supports the challenged rulings of the trial court. It would have been error to have withdrawn the case from the jury. Despite defendants' protests there was evidence that defendants' truck was being driven at an excessive rate of speed. There was also evidence that would permit inferences of lack of control and lookout. Miller testified that the horse was 150 feet ahead of his truck when he first saw it. The jury could have inferred that he could have seen the horse sooner or that his speed and lack of control prevented him from avoiding the horse without the violent skidding to the opposite side of a four-lane highway. Miller had been asked: "Was the highway slippery?" He replied: "Yes, it was, very." This, of course, the jury could have weighed in judging the reasonableness of his speed. The problem of jury consideration of the issues of emergency, speed, lookout and control in the instant case are not unlike similar questions presented in *Raz v. Mills,* 1962, 231 Or 220, 372 P2d 955. As in

*Raz* we think defendant's total conduct or omissions were for the jury to weigh.

■ In respect to the issue of contributory negligence the evidence was in conflict. Much of the time of trial was devoted to evidence relating to the number of lights on the defendants' truck and as to how many of them were lighted and could have been seen by the driver of a car coming from the north. Huener testified that the only light visible to the north was a dim one on the trailer. Defendants claimed that there were several lights on the cab of the tractor that could have been seen by Rusho. There was also sharp conflict as to the position of the trailer and the full extent to which it blocked the westerly lanes of travel and as to the number and position of lights or reflectors on the trailer. Other than the evidence that Miller was wearing a white T-shirt when he ran towards the approaching car driven by Rusho, there was no evidence that either Miller or Huener should have been seen by Rusho or that he could have known of their purpose. If it were not for the efforts of Miller and Huener to warn Rusho, the evidence, without any doubt at all, would have presented a jury question. The evidence could have caused the jury to believe that the wrecked flat bed trailer would have been virtually invisible to the driver approaching from the north.

■ We do not think that the evidence of the waving of arms by Miller and Huener would permit a court to rule as a matter of law that Rusho was bound to have seen them. The evidence as to poor visibility caused by low overcast and rain, the condition of the highway, the color of the clothing worn by Huener and Miller, and the conflicting evidence already mentioned as to the lights on the wrecked truck, were for the jury to

debate. As we stated in *Kohanek v. Rudie Wilhelm Warehouse Co.*, 1929, 129 Or 642, 648, 276 P 693, 695, "A trial court will direct a verdict only when there is a complete absence of proof on some essential issue, or when there is no conflict in the testimony and it is susceptible of only one construction." We think the question of contributory negligence was for the jury without any reliance upon the presumption of due care (ORS 41.360(4)), in favor of Rusho.

Defendants complain of some of the instructions. The instructions given by the court were as fair and complete as defendants could have asked for. They carefully, and in detail, explained to the jury the issues to be decided and the law in respect thereto. We find no error in any of the assignments.

Judgment affirmed.