Argued October 8, reversed and remanded December 18, 1968,
petition for rehearing denied January 14, 1969

RUFF, *Appellant, v.* BOLTZ, *Respondent.*

448 P. 2d 549

*Theodore S. Bloom,* Portland, argued the cause and filed a brief for appellant.

*Anthony Pelay, Jr.,* Portland, argued the cause for respondent. With him on the brief was Oliver Crowther, Portland.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

HOLMAN, J.

This was an action for a real estate commission which was tried by the court without a jury. Plaintiff appealed from a judgment for defendant.

There were sharp conflicts in the testimony. Because judgment was rendered for defendant we shall state the disputed evidence in a manner most favorable to her. Defendant gave Hillsdale Realty (Hillsdale) an exclusive listing to sell a residence. After the listing expired she verbally requested Hillsdale to continue to make efforts to sell the property. On August 21, 1965, while working as a saleslady for Hillsdale, Diane Blackwood called defendant at defendant's place of business and made an appointment to see her that evening. Diane Blackwood and plaintiff called upon defendant at the appointed time and plaintiff presented defendant with an earnest money agreement for the sale of the property to third parties to whom Hillsdale had shown the property. Defendant accepted the offer tendered in the earnest money agreement and also signed an agreement promising the payment of a commission to plaintiff on the sale. Plaintiff had no connection with Hillsdale Realty but was in business for himself under the name of Thomas Edwards Realty. The earnest money agreement specified that

the property was being sold through Thomas Edwards Realty by plaintiff. Defendant when she signed the agreement thought she was doing business with Hillsdale because that was where Diane Blackwood worked and she was not told to the contrary. She did not become aware of the change in persons with whom she was dealing despite the provisions of the earnest money agreement. On the 24th day of August, Diane Blackwood went to work for plaintiff. The sale to the purchasers was subsequently consummated.

Plaintiff's contention upon appeal is that defendant could not prove by verbal testimony that plaintiff had not, in fact, performed the services she acknowledged receiving from him in the written agreement because such proof would be in violation of the parol evidence rule. ORS 41.740. The agreement for the payment for plaintiff's services provided: "I agree to pay \* \* \* $1,320 for services rendered in this transaction \* \* \*."

 Defendant's evidence indicates that plaintiff, through fraud, induced defendant to agree in writing to pay him for services he did not perform. By the terms of the parol evidence rule a showing of fraud is an exception to the prohibition on the use of parol evidence to vary a written contract. However, to use fraud as a defense it must be affirmatively pleaded. *Tuthill v. Stoehr,* 163 Or 461, 469, 98 P2d 8 (1940); *Gleason v. Denson,* 65 Or 199, 205, 132 P 530 (1913). Defendant did not plead fraud, only a general denial. In the absence of being able to use fraud as a defense, defendant was unable to show by parol evidence that plaintiff had not performed a service which defendant in writing acknowledged he had performed.

A case almost directly in point is *Kight v. Orchards-Hays et al,* 128 Or 668, 275 P 682 (1929). Plaintiff, a

real estate broker, brought an action on a written promise to pay a commission similar to the one in question. Defendants attempted to plead fraud, but the allegations were so imperfect that they were stricken. Defendants did not amend and the case went to trial. At trial defendants attempted to prove that plaintiff represented the purchaser and that defendants did not read the contract and did not know it provided that plaintiff was representing both defendants and the purchaser. A verdict was directed for plaintiff and defendant appealed. The court affirmed the judgment saying:

"* * * It is elementary law in this state that defendants are bound by their contract and are not allowed to contradict a written contract by oral testimony or to say that they did not know the contents thereof without pleading and proving fraud. * * *." [128 Or at p 672].

■ The parol evidence rule is a rule of substantive law and will be applied whether or not objection is made to the admission of the evidence which violates the rule. *Taylor et ux v. Wells et ux,* 188 Or 648, 659, 217 P2d 236 (1950).

Defendant contends that the evidence proved that the agreement was signed on August 21 and that this proof destroys the cause of action based upon an agreement which purported to be dated August 24. Defendant admitted that she did sign a contract which acknowledged plaintiff's service. The date is relatively immaterial, except as it may have reflected on the credibility of the parties, because there was only one contract for the sale of the property regardless of the date it was signed.

■ In face of the written contract between plaintiff and defendant and in the absence of a defense of fraud,

there was no competent evidence upon which to base a judgment for defendant.

The case is reversed and remanded for another trial.