Argued May 8, affirmed December 12, 1974, petition for
rehearing denied January 3, 1975

BRUNTON ET AL, *Respondents, v.*
POWELL ET UX, *Appellants.*
528 P2d 1344

*Edward Ray Fechtel,* Eugene, argued the cause for appellants. With him on the brief were Husband, Johnson & Fechtel, Eugene.

*Donald A. Bick,* Eugene, argued the cause for respondents. With him on the brief were Bick, Monte & Joseph, Eugene.

BRYSON, J.

This is an action to recover a sales commission on a written Real Estate Broker's Employment Contract between plaintiffs, realtors, and defendants, property owners. Defendants appeal from a judgment based on a directed verdict in favor of plaintiffs.

The contract gave plaintiffs, doing business as Gordon Brunton Realty, an exclusive listing to sell defendants' 78.6 acres of land in Lane County, Oregon, at a price of $78,500. The contract stated, in part:

"To Gordon Brunton Realty, Eugene, Oregon,
          Real Estate Broker          City      State
                                      7 July, 1971
                                         Date
"* * * * *.

"* * * This agreement expires at midnight on 7 July 1972, * * *.

"THIS LISTING IS AN EXCLUSIVE LISTING and you hereby are granted the absolute, sole and exclusive right to sell or exchange the said described property. In the event of any sale, by me or any other person, or of exchange or conveyance of said property, or any part thereof, during the term of your exclusive employment, or in case I withdraw the authority hereby given prior to said

expiration date, I agree to pay you the said commission just the same as if a sale had actually been consummated by you.

"I HEREBY CERTIFY THAT I HAVE RECEIVED A CARBON COPY OF THIS CONTRACT.

Exclude Miles Wilson Realty, Exclude Bill Baxter (Ford's), Jack Holcomb, Welby Schneider

"Accepted: 7 July, 1971

"Gordon Brunton Realty           /s/Ernest L. Powell
            Broker                           Owner

"* * * * *."

The evidence shows that defendants personally sold the property to a Mr. Thatcher for $59,335.10 and executed a deed to Thatcher on June 27, 1972; that plaintiffs' office had been called by Thatcher regarding the realty on June 18, 1972.

Plaintiffs incorporated the written contract in their complaint and alleged:

"VI

"That thereafter a prospective purchaser who had been in contact with Plaintiffs and who was not one of the excluded persons above purchased the property direct from the Defendants on or about June 27, 1972, for the sum of $59,335.10."

Defendants' answer alleged:

"I

"Admit that the parties entered into a certain contract on or about July 7, 1971.

"II

"Allege that they have been required to retain an attorney in connection with this matter and are

entitled to recover a reasonable sum as attorney's fees. The sum of $1,500 is a reasonable sum to be allowed defendants for attorney's fees.

"III

"Except as hereinabove expressly admitted or alleged, defendants deny each and every allegation, thing and matter contained in plaintiff's complaint and the whole thereof."

The contract was received in evidence without objection. The court sustained an objection to testimony of defendant Powell, regarding what was said between the parties before the contract was executed, as a violation of the parol evidence rule (ORS 41.740).[1] Defendants made an offer of proof that Powell would testify (1) that the expiration date clause was blank when the contract was signed; (2) that defendants did not agree to a one-year listing; and (3) that the parties had agreed that the contract was terminable upon defendants' dissatisfaction of plaintiffs' performance.

Defendants' principal assignment of error is that the trial court erred in sustaining plaintiffs' objection to the testimony of Mr. Powell on the above-enumerated matters.

---

[1] ORS 41.740:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However, this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

Defendants argue that the proffered testimony fell within the exceptions to the parol evidence rule; that they could prove these matters as to a one-year listing and that the contract was terminable upon defendants' dissatisfaction of plaintiffs' performance through the use of parol evidence.

Plaintiffs contend that defendants had judicially admitted the validity of the alleged written contract in their answer; that defendants did not plead mistake, fraud or imperfection, which ORS 41.740 provides must be affirmatively pleaded; that defendants failed to make a sufficient offer of proof for the record; and that the evidence was "rightfully rejected as a classic example of the applicability of the parol evidence rule."

■ The court erred as the evidence was admissible. Defendants were entitled to offer evidence that the expiration date was blank when the contract was signed, that the written agreement was changed by plaintiffs after the agreement was made, and that the contract was terminable upon defendants' dissatisfaction with plaintiffs' performance. But this does not dispose of the issues of this case on appeal.

■ In defendants' offer of proof to the court, it is stated that there was not "a one-year listing" and that "the contract was terminable upon defendants' dissatisfaction of plaintiffs' performance." On appeal, defendants contended that they could terminate the contract upon their dissatisfaction with plaintiffs' performance and that plaintiffs must perform the contract within a reasonable time. No contention was made before the trial court that plaintiffs must perform the contract within a reasonable time. Indeed,

there is no proffered testimony of what did constitute a reasonable time nor did they plead this theory. Even if the court had received all of defendants' proffered testimony, the record would still have been devoid of any evidence that the defendants ever terminated the contract, and they do admit to signing an agreement on July 7, 1971. Therefore, there was no reversible error.

Defendants also assign as error the trial court's order granting plaintiffs' motion for a directed verdict.

After the court sustained the objection to the testimony of defendant Ernest Powell, the defendants rested their case.

A review of the entire testimony shows that plaintiffs had made a prima facie showing of their right to recover a sales commission. The court had no alternative but to grant the motion for a directed verdict in favor of plaintiffs. *Young v. Crown Zellerbach,* 244 Or 251, 259, 417 P2d 394 (1966) ; *Rusho v. Miller,* 239 Or 475, 480, 398 P2d 191 (1965) ; *Kight v. Orchard-Hays et al,* 128 Or 668, 673, 275 P 682 (1929).

Affirmed.