Argued December 9, 1977, affirmed March 21, 1978

DEERING, *Appellant,*
*v.*
ALEXANDER et al, *Respondents.*
(No. 420-896, SC 25204)

576 P2d 8

Gerald R. Pullen, Portland, argued the cause and filed a brief for appellant.

Barbee B. Lyon of Tonkon, Torp & Galen, argued the cause and filed a brief for respondents Harold Alexander and Maxine B. Alexander.

No appearance for respondents SCA Services of Oregon, Inc., an Oregon corporation, and SCA Services, Inc., a Delaware corporation.

Before Tongue, Presiding Justice, Bryson and Linde, Justices, and Gillette, Justice Pro Tempore.

GILLETTE, Justice Pro Tempore.

**GILLETTE, J.,** Pro Tempore

This is a breach of contract action arising out of an agreement to transfer a refuse collection business. The case was tried before the court without a jury. After hearing all the testimony, the trial judge determined that an oral agreement between plaintiff and defendant which plaintiff sought to have enforced was superseded by and integrated into a subsequent written agreement, and that the terms of the written agreement were controlling. From a judgment in favor of defendant, plaintiff appeals. We affirm.

On January 1, 1970, plaintiff Deering (as Seller) and defendants Alexander (husband and wife, as Buyers)[1] signed a seven-page agreement which set out the terms of the sale of the plaintiff's garbage collection and disposal business to defendant. Plaintiff's attorney had prepared the contract.

Plaintiff alleges that sometime during the latter part of December, 1969, prior to the signing of the written agreement, a conversation took place between the two parties in the basement of defendant's home. Defendant requested plaintiff to pay the payroll for the first month of 1970 until defendant's business got started. Plaintiff agreed and understood that defendant would later reimburse him.

Plaintiff paid the January salaries in the amount of $3,425, and alleged in his complaint that defendant never reimbursed him. Defendant answered with a general denial and an affirmative defense pleading payment.[2]

The crucial part of the written contract is paragraph 12, which provides:

---

[1]The active party in the case was the defendant husband, and references in the opinion to "defendant" are to the husband, unless otherwise stated.

[2]Because defendant had not affirmatively pleaded a setoff or accord and satisfaction, the trial court refused to receive evidence of credits given or set-offs made by defendant in the final accounting. The trial court's ruling in this regard is not before us on this appeal.

"12. Business Pending Closing. Seller's business will be conducted in the ordinary course pending closing. The net earnings of the business from and after January 1, 1970, shall be for the benefit of Buyers. Buyers shall bear the burden of any losses between January 1, 1970 and closing."[3]

This paragraph simply required that Seller operate the business until "closing." He would see that the payroll and other expenses were met; he would collect receivables. Payment of the employees from his own private funds was entirely consistent with this contractual obligation. It is not unusual for an entrepreneur to pay expenses from his personal funds and then be reimbursed from business income received at a later date.

So the trial judge interpreted the contract. He found that plaintiff's payment of the January payroll constituted one of the expenses incurred pending closing. As the trial judge stated:

"[Plaintiff's] payment of this help is merely doing what he undertook to do, that is, to continue to operate the business. He wouldn't be entitled to anything unless there was a loss.* * *"

and:

"[T]he discussions of the parties concerning the payments of expenses in the operation of the business was integrated into this agreement and * * * [plaintiff], in making those payments, was doing no more than was required of him to be done."

---

[3]The record does not indicate the date closing took place. The agreement specified in paragraph 11 that $10,001 was to be paid at closing, and a check for that amount dated January 21, 1970, was received into evidence. The agreement also specified in paragraph 13 that closing was to be conditioned upon "approval by the City of Milwaukie of the assignment of the Refuse Collection Agreement by Seller to Buyers." The record does not indicate when this approval was given, but it does indicate that the Milwaukie City Council meeting at which the assignment was scheduled to be discussed was set for January 12, 1970. Since both these events— approval of the transfer by the City Council and payment of $10,001—had to occur before closing took place, the trial court apparently concluded that the closing date occurred at some point near the end of January.

■ Plaintiff's sole assignment of error is that the court erred in ruling that the oral agreement made by plaintiff and defendant prior to executing the written agreement for the sale of plaintiff's business was integrated into the written agreement and that the terms of the written agreement were controlling.

The parol evidence rule, set out in ORS 41.740, provides:

> "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing. * * *"

In *Caldwell et ux v. Wells,* 228 Or 389, 365 P2d 505 (1961), we stated:

> "The parol evidence .rule is described as a rule of integration. * * * The rule closes the door to proof only as to those aspects of the bargain which the parties intended to memorialize in the writing. * * *"

In Oregon, a subsequent writing does not supersede or invalidate a prior oral agreement if the prior oral agreement (1) is not inconsistent with the subsequent writing and (2) is either supported by separate consideration or is such an agreement as might naturally be made as a separate agreement by parties in like circumstances. *See* 1 Restatement of Contracts, § 240(1) (1932); *DeVore v. Weyerhaeuser Co.,* 265 Or 388, 401, 508 P2d 220 (1973); *cert denied* 415 US 913 (1974); *Caldwell et ux v. Wells, supra.*

None of the conditions necessary to establish the existence of a separate oral agreement is present here. The oral agreement is inconsistent with the subsequent written agreement to the extent that it requires defendant to reimburse plaintiff for expenses incurred pending closing. Neither is there evidence that the oral agreement was supported by separate consideration. Most importantly, because the written agreement specified the obligations that each party would incur

pending closing of the sale, it would have been natural for the contracting parties to have embodied the provisions of the prior oral agreement in their writing had they intended to make them a part of their contractual obligations. *Barnstable v. U.S. Nat. Bank et al,* 232 Or 36, 45, 374 P2d 386 (1962). Their failure to do so renders evidence of the prior oral agreement inadmissible under the parol evidence rule.

■ We concur in the conclusion of the trial judge that the oral agreement was integrated into the subsequent written agreement and that the terms of the written agreement are controlling. What plaintiff has failed to recognize is that by virtue of the integration he was entitled to be reimbursed for his personal payment of employees' wages under the *written contract.* To obtain this reimbursement, it was necessary for him to plead and prove (1) the existence of the written contract, and (2) the fact that he had paid the expenses but had not been reimbursed either (a) because the business suffered a loss during the period, and defendants did not pay him, or (b) because the business broke even or experienced a profit, but defendants in some way prevented plaintiff from being reimbursed from the receipts.

■ Plaintiff pleaded and proved neither. For all the trial judge could determine from what *had* been pleaded and proved, plaintiff may have reimbursed himself, or the business might still owe plaintiff pursuant to an accounting, or the Alexanders might be obligated to plaintiff because the business had experienced a loss. Since, however, the case before the court was brought under an oral agreement he was not entitled to consider, the trial judge was left with no alternative but to find for defendant.

■ Plaintiff additionally argues that the trial court should not have made its decision on the basis of the parol evidence rule because defendant did not plead the rule as an affirmative defense. Instead, defendant made a general denial.

[ 612 ]

Under Oregon pleading rules, evidence which controverts facts necessary to be proved by plaintiff may be shown under a general denial. *Elston v. Wagner et al,* 216 Or 386, 337 P2d 326 (1959). However, where the defendant desires to present evidence which does not directly controvert a fact necessary to be established by plaintiff, it is new matter which must be pleaded as an affirmative defense. *Hubbard v. Olsen-Roe Transfer Co.,* 110 Or 618, 626, 224 P 636 (1924).

In this case, to establish the material allegations of his complaint, it was necessary for plaintiff to prove that the parties agreed that defendant would reimburse plaintiff if plaintiff paid the January payroll. The parol evidence rule is, of course, a rule of substantive law. *Ruff v. Boltz,* 252 Or 236, 448 P2d 549 (1968). The consequences of its application in this case render the plaintiff's proof insufficient to sustain the material allegations of his complaint. Defendant did not assert new matter but rather controverted facts necessary to be established by plaintiff. Defendant's general denial was a proper form of pleading.

Affirmed.