Argued October 30, 1978 at Pendleton,
affirmed January 30, 1979

THOMAS, *Respondent,*
*v.*
GUERRERO, *Appellant,*
(No. 11,104, SC 25581)
589 P2d 1112

Austin Crowe, Portland, argued the cause for appellant. On the briefs were David P. Morrison, and Cosgrave & Kester, Portland.

John H. Kottkamp, of Kottkamp & O'Rourke, Pendleton, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Tongue, Howell, Bryson, Lent and Linde, Justices.

HOWELL, J.

**HOWELL, J.**

Plaintiff filed this action to recover damages for personal injuries sustained in a collision with defendant's vehicle. Plaintiff's complaint sought compensatory and punitive damages. On the morning of trial, defendant filed an amended complaint admitting negligence causing the accident. At the close of the testimony, the trial court struck the allegation of punitive damages. Plaintiff received a veredict for $15,000. Defendant appeals.

The accident occurred in the early morning hours of October 17, 1976. Plaintiff was stopped at a stop sign in the city of Pendleton. The defendant, who was travelling at a high rate of speed, rear-ended plaintiff's vehicle. The defendant departed the scene without stopping. He was contacted by the police the next day and admitted the accident and "that he had been drinking" but said "not much." The defendant was found guilty of leaving the scene of the accident. He did not appear at the trial and apparently has returned to Mexico.

The defendant's first and third assignments of error will be considered together. Defendant contends that the court erred in denying his pre-trial motion in limine to exclude evidence of drinking and leaving the scene of the accident, and that the court erred in denying his motion for a mistrial on the ground the evidence in question was erroneously admitted. The defendant argues that because he admitted liability, admission of the evidence was prejudicial error, since there was no evidence that his drinking had caused him to be intoxicated, and mere drinking plus leaving the scene of the accident does not suffice to support an award of punitive damages. Even though the trial court eventually removed the claim for punitive damages from the jury's consideration, defendant claims he was prejudiced because the evidence was admitted to "inflame the jury" and led to a "grossly excessive" verdict.

■ The plaintiff argues that defendant did not actually move prior to the opening of the trial to exclude such evidence, but that he merely advised the court of his position, and that, in any event, this court has looked with disfavor on motions in limine. *Nielson v. Brown*, 232 Or 426, 374 P2d 896 (1962). Assuming that defendant did move to exclude evidence of drinking and hit and run, it is not error, as defendant contends, for the trial court to deny a motion to exclude evidence prior to such evidence being presented. *State v. Flett*, 234 Or 124, 380 P2d 634 (1963).[1]

■ Neither did the trial court err in denying defendant's motion for a mistrial. This court in prior cases has indicated its reluctance to overturn a decision by the trial judge on a motion for mistrial. *Schrock v. Goodell*, 270 Or 504, 528 P2d 1048 (1974); *DeSpain v. Bohlke*, 259 Or 320, 486 P2d 545 (1971). The trial judge is in the best position to determine whether any errors during the course of trial have prejudiced either party. In the present case, the evidence was received without objection, and the court removed the issue of punitive damages from the jury's consideration and instructed the jury that it should not consider evidence of defendant's conduct after the accident for any purpose. On the record before us, we cannot say that the admission of the evidence in question required the trial court to declare a mistrial, assuming arguendo that the evidence was inadmissible.

■ Plaintiff's remaining assignment of error is the admission of some testimony on redirect examination of the investigating officer that in his report he assigned "drinking" as a secondary cause of the

---

[1] In *State v. Flett* we stated:

"If the trial judge desires to have an informal conference with counsel prior to trial in order to minimize possible hazards that might lead to a mistrial, or in other ways to expedite the taking of testimony, that is a matter of discretion with the individual judge. We have found no authority, however, which requires the court to submit to a dress rehearsal in which the defendant may explore the state's evidence and the court's rulings thereon out of the presence of the jury in preparation for the trial itself." 234 Or at 129-30.

[98]

accident. Previously, on cross-examination, the following occurred:

"Q. [Defense counsel] Now, Officer Nielson, in one of the reports that you prepared, I'd like to hand you this to refresh your recollection, did you write down on this report after the words 'comments,' basically what Mr. Guerrero told you on that particular day?

"A. Oh, that's just -- that's just a portion, yes. We talked at length for probably at least 20, 25 minutes in reference to this before, and this is just what I put down.

"Q. Okay, what you put down. Would you read to the members of the jury what you actually wrote down on your report?

"A. 'He admitted hitting the car and leaving the scene, had been drinking but said not much.'

"* * * * *

"Q. When you had your discussion with him, did he explain to you why he was scared?

"A. Well, he said after he came up there he was coming at a pretty high rate of speed and he said when he hit that, it just scared him because he had been drinking and because of his insurance, and he just up and left. This is basically the reason he told me after we got talking."

Whether the officer believed drinking was a primary or secondary cause of the accident was irrelevant. However, we do not believe admission of the testimony was in any way prejudicial. Defendant's own attorney elicited evidence that when the accident occurred, defendant was travelling at an extremely high rate of speed, that he had been drinking, and that he fled the scene. From this evidence the jury could draw its own conclusions as to the effect of defendant's drinking.

Affirmed.