Submitted on record and briefs March 10, reversed and remanded June 4, 1986

SIEGFRIED et al,
*Appellants,*

*v.*

PETE WILSON REALTY, INC. et al,
*Defendants,*

STATE OF OREGON, STATE
HEALTH DIVISION et al,
*Respondents.*

(151,101; CA A36401)

720 P2d 392

Ferder, Ogdahl & Brandt, William D. Brandt and D. Olcott Thompson, Salem, filed the briefs for appellants.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, filed the brief for respondent The State of Oregon State Health Division and The State of Oregon Real Estate Division.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

**VAN HOOMISSEN, J.**

This is a negligence action.[1] Plaintiffs appeal from the trial court's judgment dismissing their complaint because notice of their claim was not timely given. *See* ORS 30.275.[2] We reverse and remand.

Plaintiffs' complaint alleged that, in 1977, plaintiffs Robert and Charmaigne Siegfried purchased and then moved onto a lot in the Greentree mobile homes subdivision. Toby Siegfried was born in January, 1979, while plaintiffs still lived at Greentree. In April, 1982, Toby was diagnosed as having damage to his central nervous system and as being autistic. In March, 1984, plaintiffs discovered that the cause of Toby's mental retardation and neurological injury was the high level of iron and manganese in the water at Greentree.[3] Plaintiffs notified the state and the county of their claims on August 6, 1984. This action was filed on August 28, 1984. The state moved to dismiss the claim as barred for lack of timely notice. The trial court granted that motion.

---

[1] Plaintiffs' complaint included negligence, strict product liability and breach of contract claims against other parties in addition to their claims against the Health Division and the Real Estate Division. Only the negligence claim was alleged against the state. All references to defendant in this opinion refer only to the state. The trial court entered final judgment for the state on June 6, 1985, under ORCP 67B.

[2] ORS 30.275 provides in part:

"(1) No action arising from any act or omission of a public body or an officer, employe or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:

"(a) For wrongful death, within one year after the alleged loss or injury.

"(b) For all other claims, within 180 days after the alleged loss or injury."

[3] The summary of facts in plaintiffs' brief relates that the Green Tree subdivision had been approved by the Real Estate Division. The Health Division had notified the Real Estate Division that the water for the subdivision had been approved, relying on statements made by counsel for the developer of the subdivision, Pacific Northwest Development Corporation. When the original well in Greentree was dug in 1970 by Willamette Well Drilling, tests of the water indicated very high levels of manganese and iron. The Health Division was notified that the levels of manganese were above the levels permitted by Oregon law. The Health Division provisionally approved the plans for the water supply system, subject to compliance with the treatment plan proposed to control the excess iron and manganese. The proposed plan was never implemented, and the state Divisions failed to ensure that the plan was carried out. Defendants have not challenged plaintiffs' summary of facts.

■ The state now concedes that the notice period did not begin to run until plaintiffs knew or, in the exercise of reasonable care, should have known that the state was responsible for Toby's injury. *See Bradford v. Davis,* 290 Or 855, 626 P2d 1376 (1981); *Adams v. Oregon State Police,* 289 Or 233, 611 P2d 1153 (1980). The state contends, however, that the trial court's judgment was still proper. It argues that, because the face of the complaint shows that plaintiffs had failed to give notice within the statutory period after the date of the injury, they had to plead facts which excuse that failure and did not do so. *Georgeson v. State of Oregon,* 75 Or App 213, 706 P2d 570, *rev den* 300 Or 332 (1985). The state argues that, in order to state a claim, plaintiffs had to plead that they were diligent in trying to discover the cause of Toby's injury and, because they failed to plead diligence, the trial court did not err in granting the motion to dismiss. Plaintiffs argue that the state did not make this argument at trial but relied only on the lack of timely notice. They add that, had the state made the diligence argument at trial, they could have amended their pleadings to correct the deficiency.

■ The issue of diligence was not raised below. In the absence of special circumstances, issues not raised in the trial court will not be considered on appeal. *Travelers Indemn. v. American Ins.,* 278 Or 193, 199, 563 P2d 684 (1977). There are no special circumstances in this case. Plaintiffs cannot be held to have waived their right to replead when the judgment granted by the trial court was based solely on the ground that the notice of claim had not been timely, rather than on the ground, which the state now asserts, that plaintiffs failed to plead diligence.

Reversed and remanded.