Argued and submitted July 15, affirmed in part, reversed and remanded in part November 12, 1986

HOWELL et al,
*Appellants,*

*v.*

The OREGONIAN PUBLISHING COMPANY et al,
*Respondents.*

(A8205-03304; CA A37355 (control))

CHELSON et al,
*Appellants,*

*v.*

The OREGONIAN PUBLISHING COMPANY et al,
*Respondents.*

(A8207-04628; CA A37356)
(Cases consolidated.)

728 P2d 106

Rex Armstrong, Portland, argued the cause for appellants. With him on the briefs were Timothy H. Fine and Kell, Alterman & Runstein, Portland and Leslie M. Roberts and Sullivan, Josselson, Roberts, Johnson & Kloos, Portland.

George L. Wagner, Portland, argued the cause for respondents. With him on the brief was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Appellants, independent newspaper dealers, brought this action for breach of contract, reformation and fraud, seeking injunctive relief and damages. The trial court granted summary judgment for defendants[1] on all of the claims, on the basis that the parol evidence rule barred the admission of evidence of oral promises and representations made by defendant. Appellants assign error to the granting of summary judgment on 11 of their 12 claims. We reverse and remand as to the claims for breach of contract, fraud and injunctive relief, and we affirm as to the claims for reformation.

Appellants purchased newspapers from defendant for resale to residential and business customers in the Portland metropolitan area. The dealership system had operated for almost 30 years, and the dealerships had attained substantial value; several had been purchased recently at prices ranging between $100,000 and $155,000. The written contracts were form contracts prepared by defendant. The form used before 1977, referred to as the F-25 contract, provided that the agreement would expire on a specified date but would automatically be renewed from year to year unless either party gave notice of the desire not to renew. Defendant consistently represented to the dealers that that provision was in the contract so that defendant could terminate its contractual relationship with dealers who failed to perform satisfactorily. The criteria used to judge dealer performance included the quality of service, promotional efforts undertaken to increase circulation and the total number of customers served within the geographical area of each dealership. Neither the criteria nor a specific description of each dealer's geographical area was specified in the written form contracts. Defendant also consistently represented to dealers that the agreements would be renewed so long as the dealers performed adequately, and defendant's practice concerning renewals was consistent with that representation.

In 1979, defendant introduced a new contract form, referred to as the F-25B contract. It specified a date on which the agreement would end and provided that neither the dealer

---

[1] We will hereafter refer only to the corporation as defendant, because the contracts at issue were between it and appellants.

nor defendant "shall have the right to insist on renewal of this agreement." The automatic renewal clause from the F-25 form was deleted. Defendant assured dealers that the language in the new contract was used only to avoid a new Federal Trade Commission regulation and that the change in language from the former contract would not affect the value of the dealerships. Defendant continued to represent to dealers that their renewal rights had not been altered by the F-25B contract. Several continued as dealers under the F-25 contract.

In 1980, defendant's president and its circulation manager began discussing a change from independent dealerships to an agency system for delivery of its papers. Dealers were not advised of those discussions, and defendant continued to assure dealers that their contracts would be renewed if they performed adequately. In February, 1982, defendant decided to convert to an agency system and eliminate the independent dealerships. In April, 1982, it publicly announced the decision, telling all dealers that their contracts would not be renewed on their respective termination dates.

Some of the affected dealers then filed actions seeking injunctive relief or, alternatively, damages. Appellants were among that group. The trial court granted summary judgment, dismissing all of the claims, except those for fraud, on the ground that the parol evidence rule precluded giving legal effect to defendant's promises to renew dealer agreements if the dealers performed in a satisfactory manner. The trial court entered an ORCP 67B judgment, but we determined that the trial court's direction for entry of the 67B judgment was error and remanded for further proceedings. *Chelson v. Oregonian Publishing Co.*, 71 Or App 645, 694 P2d 981 (1985). After reconsideration on remand, the trial court granted summary judgment for defendant on all claims. This appeal followed.

A summary judgment may be granted only if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. ORCP 47C; *Themins v. Emmanuel Lutheran*, 54 Or App 901, 903, 637 P2d 155 (1981), *rev den* 292 Or 568 (1982). Appellants first contend that the written renewal provisions are ambiguous and that there are issues of fact concerning the parties' intent in entering into

them and concerning whether defendant's representations modified the written contracts. Defendant argues that the contracts are unambiguous and that the parol evidence rule prevents the admission into evidence of proof of its representations.

■　　Oregon's parol evidence rule, ORS 41.740, provides:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However, this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

Any contract term reduced to writing supersedes all prior and contemporaneous negotiations and oral understandings as to that term. *Wellborn v. Rogue Comm. College,* 26 Or App 857, 554 P2d 535 (1976). If the contract is either partially or fully integrated, the rule closes the door to parol evidence concerning the written terms of the contract. *Deering v. Alexander,* 281 Or 607, 576 P2d 8 (1978).

■ ■　　The written agreements were not fully integrated, even though they include an integration clause. It is undisputed that the specific geographical limits of each dealer's territory, a crucial provision of the agreements, were not reduced to writing. However, although the written contracts are not completely integrated, the partial integration doctrine applies. *Hatley v. Stafford,* 284 Or 523, 533, 588 P2d 603 (1978). Under that doctrine, a written agreement invalidates all prior and contemporaneous oral agreements that are inconsistent with the written agreement. *Deering v. Alexander, supra.* "To be 'inconsistent' within the meaning of the partial integration doctrine, the oral term must contradict an *express provision* in the writing." *Hatley v. Stafford, supra,* 284 Or at 533. (Emphasis in original.) We now examine the respective renewal provisions of the agreements.

The F-25 contract provides:

"15. This agreement shall commence on the effective date hereof and shall expire on [date] subject to termination as otherwise provided in paragraph 3(a). *Provided, however, that this agreement shall automatically renew for a term of one (1) year from said expiration date, or from any succeeding anniversary of said expiration date, if neither party notifies the other that the agreement shall not so renew.*" (Emphasis supplied.)

The F-25B contract provides:

"12. This agreement commences in effect at 12:01 A.M. on [date] and shall expire at 6:00 P.M. on [date] or the earlier date of a termination or expiration as provided in paragraph 3(a) or this paragraph. *It is expressly understood that neither seller [defendant] or Dealer [plaintiffs] shall have the right to insist on renewal of this agreement.*" (Emphasis supplied.)

Appellants argue that the last sentences of both renewal clauses are subject to the reasonable interpretation that neither party has the *unconditional* right to deny renewal or insist on renewal, while defendant argues that the same sentences are clear and unambiguous and that it has the *unqualified* power to deny renewal. We agree with defendant that the clauses are unambiguous, because they are incapable of more than one sensible and reasonable interpretation. The clauses contain specific language that allows either party unconditionally to terminate the agreements on their respective expiration dates. Defendant's representations that the agreements would be renewed so long as the dealers performed adequately directly contradict that express language. The written renewal provisions of the agreements therefore supersede all prior and contemporaneous negotiations and oral understandings.

However, written contracts may be modified by subsequent oral agreements. *Allen v. Allen,* 275 Or 471, 479, 551 P2d 459 (1976). Because there are issues of fact concerning whether the representations were made subsequent to the execution of the written agreements, and, if they were subsequently made, whether the representations modified the renewal provisions of the agreements, we reverse the summary judgment on appellants' breach of contract claims.

■ We next examine the fraud claims. Proof of fraud by

evidence of prior or contemporaneous promises and representations is not prohibited by the parol evidence rule. ORS 41.740; *Green v. Uncle Don's Mobile City,* 279 Or 425, 568 P2d 1375 (1977). We therefore reverse the summary judgment on the fraud claims.

We find no merit in the claims for reformation of the dealer contracts, and we affirm the summary judgment on that issue.

■ Appellants also have pleaded claims for equitable relief. They contend that defendant is estopped from relying on renewal provisions in the written contracts to terminate dealerships without cause, because of defendant's conduct (the oral promises to renew) on which they have relied. Equitable estoppel, however, is not a cause of action. *Bramwell v. Rowland,* 123 Or 33, 44, 261 P 57 (1927). We therefore affirm the summary judgment against relief based on the estoppel claims.

Finally, appellants assign error to the receipt of evidence concerning settlement negotiations. The assignment has no merit, because the evidence was never presented to the trial court. *Thomas v. Guerrero,* 285 Or 95, 589 P2d 1112 (1979).

Judgment for defendant on plaintiffs' claims for breach of contract, fraud and injunctive relief reversed and remanded; otherwise affirmed.