On respondents' reconsideration filed January 13, reconsideration allowed, former opinion (82 Or App 241, 728 P2d 106) modified to affirm summary judgment for defendants on breach of contract claims and to clarify holding of fraud claims April 22, Bledsoe's reconsideration and Oregonian's reconsideration denied June 12, both petitions for review denied July 28, 1987 (303 Or 699)

HOWELL et al,
*Appellants,*

*v.*

The OREGONIAN PUBLISHING COMPANY et al,
*Respondents.*

(A8205-03304; CA A37355 (Control))

CHELSON et al,
*Appellants,*

*v.*

The OREGONIAN PUBLISHING COMPANY et al,
*Respondents.*

(A8207-04628; CA A37356)
(Cases Consolidated)

735 P2d 659

William C. Snouffer, Judge.

George L. Wagner, Portland, for petition.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendants petition for reconsideration of our decision in *Howell v. Oregonian Publishing Co.,* 82 Or App 241, 728 P2d 106 (1986). ORAP 10.10. We allow reconsideration, and modify and clarify our previous decision.

■ We reversed a summary judgment that was entered in favor of defendants on plaintiffs' breach of contract claims. We based that decision on the theory that "written contracts may be modified by subsequent oral agreements." 82 Or App at 246. Citing *Meskimen v. Larry Angell Salvage Company,* 286 Or 87, 94, 592 P2d 1014 (1979), defendants contend that, because plaintiffs neither raised that theory in the trial court nor briefed or argued it on appeal, the issue is deemed waived. We agree.[1] We find no grounds presented by plaintiffs requiring reversal of the summary judgment on the breach of contract claims, and we therefore modify our prior decision by affirming the summary judgment in favor of defendants as to those claims.

■ Defendants also contend that we misconstrued the fraud exception to the parol evidence rule. ORS 41.740. They argue that a claim of promissory fraud, or fraud in the inducement, cannot be maintained when the alleged fraudulent oral promise directly contradicts the express terms of a subsequent written agreement between the parties, citing *Berry v. Richfield Oil Corp. et al,* 189 Or 568, 220 P2d 106 (1950), and *Hoff v. Peninsula Drainage Dist.,* 172 Or 630, 143 P2d 471 (1943). We comment here only to clarify and amplify our holding that "[p]roof of fraud by evidence of prior or contemporaneous promises and representations is not prohibited by the parol evidence rule." 82 Or App at 246-47.

Although the cases cited by defendants appear to give some support to their contention,[2] we think the better rule is stated in *Ruff v. Boltz,* 252 Or 236, 238, 448 P2d 549 (1968):

---

[1] Even if plaintiffs had raised the issue on appeal, we should not have considered it because, in the absence of special circumstances, issues not raised in the trial court will not be considered on appeal. *Siegfried v. Pete Wilson Realty, Inc.,* 79 Or App 670, 672, 720 P2d 392 (1986).

[2] In *Berry* the admissibility of the evidence was not in issue. The evidence on which the plaintiff relied for her claim of fraud had been admitted in evidence, and the Supreme Court concluded that "it would not sustain the charge of fraud." 189 Or at 589.

"By the terms of the parol evidence rule a showing of fraud is an exception to the prohibition on the use of parol evidence to vary a written contract."[3] *See also Share v. Williams et ux,* 204 Or 664, 672, 277 P2d 775, 285 P2d 523 (1955); *Kight v. Orchard-Hays et al,* 128 Or 668, 670, 275 P 682 (1929). Although we share defendants' concern that members of the business community should be able to rely on their written agreements to eliminate future disputes regarding their contractual rights and obligations, we are also concerned that some parties may be unable to insist on written promises to protect themselves, especially when standardized forms of contract and inequality in the particular contracting parties' bargaining power appear to be the rule rather than the exception. Oral promises made without the promisor's intention that they will be performed could be an effective means of deception if evidence of those fraudulent promises were never admissible merely because they were at variance with a subsequent written agreement.

Reconsideration allowed; opinion modified to affirm summary judgment for defendants on breach of contract claims and to clarify holding on fraud claims.

---

[3] In *Ruff,* the Supreme Court held that, because the defendant failed to plead fraud as a defense, she was precluded from introducing parol evidence to demonstrate the plaintiff's alleged fraudulent conduct. In this case, plaintiffs have affirmatively pleaded fraud as a claim for relief.