Argued and submitted April 3, affirmed June 24, reconsideration denied
September 30, petition for review denied October 27, 1992 (314 Or 573)

Keith A. LEITZ
and Catherine J. Leitz,
dba A Bend Flower Station,
*Respondents,*

*v.*

Robert H. THORSON,
dba South Village Square,
*Appellant.*

(90-CV-0027-MS; CA A68007)

833 P2d 343

John A. Berge, Bend, argued the cause for appellant. With him on the brief were William M. Holmes and Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend.

R. L. Marceau, Bend, argued the cause for respondents. With him on the brief were Ronald L. Roome and Marceau, Karnopp, Petersen, Noteboom and Hubel, Bend.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

Warren, P. J., dissenting.

## EDMONDS, J.

Defendant appeals from a judgment for breach of contract and fraud. He argues that the trial court erred by denying his motion for a directed verdict on plaintiffs' contract claim.[1] ORCP 60. We affirm.

Plaintiffs leased commercial space from defendant to open a florist shop. After the lease was executed, plaintiffs learned that they could not place another freestanding sign along the highway to advertise the business, because the Deschutes County Code allows only one freestanding sign on the property. A freestanding sign advertising a business owned in part by defendant was already in place. Plaintiffs filed this action and alleged that defendant had breached the lease by failing to provide them with space in the complex for which a freestanding sign could be erected. Paragraph 16 of the lease provides, in part:

"Tenant shall not erect or install any signs or advertising media or door lettering or placards visible from outside the leased premises with out [sic] the previous written consent of the Landlord."

During trial, plaintiffs sought to introduce evidence that, before the lease was executed, defendant told them that they could have a freestanding sign. Defendant objected to the testimony on the basis that proving the alleged oral agreement would violate the Parol Evidence Rule. ORS 41.740. The court admitted the testimony. After plaintiffs rested, defendant moved for a directed verdict, arguing that, without the testimony about the oral statement, there was no basis on which to find that defendant had breached the lease agreement. The trial court held:

"[I]n reviewing this agreement, I have to say that there are many appendixes that are referred to, none of which were completed or attached to the document—that being the contract.

"Based on the testimony that I heard and I believe that this is not a fully integrated contract and that the additional evidence concerning the terms is not inconsistent with the written contract. And two, it is that which might naturally be

---

[1] Defendant does not appeal from the judgment for fraud. The trial court awarded plaintiffs $11,884.93 in damages for both claims and $11,500 in attorney fees on the breach of contract claim.

made as a separate agreement by parties situated as the parties were in this particular instance."

Defendant argues that the trial court erred by holding that the Parol Evidence Rule does not bar plaintiffs' testimony that defendant had orally agreed that they could have a freestanding sign. ORS 41.740 provides, in part:

> "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleading or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220 * * *."

The rule is a rule of integration. It prohibits oral evidence of those aspects of the bargain that the parties intended to memorialize in the writing. *Caldwell et ux v. Wells*, 228 Or 389, 395, 365 P2d 505 (1961). If the parties did not intend the writing to represent their entire agreement, the agreement is only partially integrated, and prior consistent additional terms not evidenced by the writing may still form part of the entire agreement. *Siegner v. Interstate Production Credit Assn.*, 109 Or App 417, 425, 820 P2d 20 (1991). An oral agreement is not integrated in a contemporaneous writing if it is not inconsistent with the written agreement and is "such an agreement as might naturally be made as a separate agreement by parties situated as were parties to the written contract."[2] *Hatley v. Stafford*, 284 Or 523, 533, 588 P2d 603 (1978).

Our review is to determine whether the trial court's conclusion that the lease is not a fully integrated agreement is supported by the evidence. *O'Meara v. Pritchett*, 97 Or App 329, 336, 776 P2d 866, *rev den* 308 Or 465 (1989). We start with a presumption that the writing is intended to be a complete integration. *Hatley v. Stafford, supra*, 284 Or at

---

[2] Plaintiffs do not contend that the oral agreement was supported by a separate consideration.

535. The integration clause[3] in this lease is an indication that the lease was intended to be a complete integration, but it is not conclusive. *Howell v. Oregonian Publishing Co.*, 82 Or App 241, 245, 728 P2d 106 (1986), *mod* 85 Or App 84, 735 P2d 659, *rev den* 303 Or 699 (1987). Oral admissions of a party may be probative of whether the agreement is integrated. *DeVore v. Weyerhaeuser Co.*, 265 Or 388, 403, 508 P2d 220 (1973), *cert den* 415 US 913 (1974).

■ Defendant testified that the written form that he had used for the lease was not drafted to be used specifically for this property. Although the lease required attachment of exhibits, he admitted that no exhibits were attached to the lease. He conceded that he told plaintiffs that they could have a sign and that he did not require his written consent, despite the words in paragraph 16 of the lease. He admitted that, during the lease negotiations, the parties had discussed plaintiffs' renovations. He said that he did not require those plans to be in writing, even though the lease required his written consent before alterations, additions or installations on the premises. Defendant also testified:

> "Usually our detail comes later, after they've, you know, gotten their lease signed, and they're—they get it figured out, and they measure and come up with information on saying: well, this is what we're going to do."[4]

There was evidence to support the trial court's conclusion that the parties did not intend the written lease to reflect their entire agreement, thereby overcoming the presumption of integration.

■ The next question is whether a separate oral agreement to allow a freestanding sign was inconsistent with the written lease. Although defendant admitted that he told

---

[3] The lease provides:

"This lease, including the exhibits and riders, if any, attached hereto and forming a part hereof, are all of the covenants, promises, agreements, conditions and understandings, either oral or written, between the parties. No subsequent alteration, change or amendment to this lease shall be binding upon the parties unless reduced to writing and signed by them."

[4] In addition, plaintiffs testified that defendant told them, before signing the lease, that they could ignore those clauses of the lease that required his written permission. They testified that defendant had agreed to, and did, paint the building, although that was not part of the written lease. There was also evidence that the parties had agreed that plaintiffs could put in a flower bed and plumbing.

plaintiffs they could have a sign, he disputes whether he told them that the sign could be "freestanding." No provision of the lease prohibits a freestanding sign. The disputed parol evidence was not inconsistent with the written agreement.

Finally, the issue is whether the oral term is one that "naturally" would have been included in the writing. *Hatley v. Stafford, supra,* 284 Or at 534. In *Greenwade v. Citizens Bank of Oregon,* 50 Or App 395, 401, 624 P2d 610 (1981), we said:

> "[W]e turn to the second part of the Restatement test: the intent of the parties as indicated by all the circumstances. In discussing the Restatement test, [3] Corbin[, *Contracts* (1960),] states in part, § 584 at 480:
>
>> " 'Observe, secondly, that Clause (b) states that the oral agreement is not superseded by the writing if it is "such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract." This requires the court to determine what would be "natural" and what would not. * * * The parol evidence rule purports only to exclude evidence in case there is an "integration" that the evidence is offered to contradict or vary. * * * *Whether or not it was "natural" for the parties to do as they did bears only on the credibility of the evidence offered. This form of language makes the admissibility of an added but not inconsistent term practically discretionary with the court.'* (Emphasis supplied.)"

There is evidence to support the trial court's finding that the parties did not intend the written lease to be their complete agreement, that the oral agreement is not inconsistent with the written agreement and that the oral agreement would have been made naturally as a separate agreement. The trial court did not err.

Affirmed.

**WARREN, P. J.,** dissenting.

This case concerns the admissibility of parol evidence. The majority holds that the trial court's conclusion that the lease agreement was not fully integrated is supported by the evidence. Then it decides that the alleged oral agreement was not inconsistent with the written agreement. Because the question of whether the oral agreement was

inconsistent with the written agreement is a necessary prerequisite to the question of whether the agreement was integrated, and because the oral agreement is inconsistent with the written agreement, as a matter of law, I dissent.

In *O'Meara v. Pritchett*, 97 Or App 329, 335, 776 P2d 866, *rev den* 308 Or 465 (1989), we recognized that *Restatement (Second) Contracts*, § 216 (1979), "is intended to provide * * * *one* guide to determining *whether* an agreement is integrated." (Emphasis in original.) *Accord Carlton Creditors v. Willamette Production Credit*, 103 Or App 569, 572 n 1, 798 P2d 700 (1990), *rev den* 311 Or 261 (1991). That section states:

"(1)  Evidence of a *consistent additional term* is admissible to supplement an integrated agreement unless the court finds that the agreement was completely integrated.

"(2)  An agreement is not completely integrated if the writing omits a *consistent additional agreed term* which is

"(a)  agreed to for separate consideration, or

"(b)  such a term as in the circumstances might naturally be omitted from the writing." (Emphasis supplied.)

Under section 216(1), only a consistent additional term is admissible to supplement the terms of a partially integrated agreement. Because that is the only time when parol evidence may supplement a writing, parol evidence of an inconsistent term is not admissible to contradict the terms of that writing, even if that agreement is partially integrated.[1] Moreover, under section 216(2), evidence of an *inconsistent* term cannot be used to prove that an agreement is only partially integrated, because the inconsistent term cannot be admitted to contradict the written agreement in any case. Consequently, after a court determines that an alleged prior or contemporaneous oral agreement is inconsistent with the written agreement, it is irrelevant whether the written agreement is completely or partially integrated.

---

[1] That conclusion is consistent with *Restatement (Second) Contracts*, § 215 (1979):

"[W]here there is a binding agreement, either completely or partially integrated, evidence of prior or contemporaneous agreements or negotiations is not admissible in evidence to contradict a term of the writing."

We have said:

> "[T]he Parol Evidence Rule applies *only* to completely integrated agreements and because, as a consequence of that, not even evidence of a consistent term could be admitted if the agreement is completely integrated, integration is the critical issue for our review. *If the trial court was correct as to the extent of the integration, § 240 and testing the oral agreement for consistency or inconsistency have nothing to do with the case.*" *O'Meara v. Pritchett, supra,* 97 Or App at 335. (Emphasis in original; emphasis supplied.)

The emphasized passage suggests that testing for consistency is necessary only if a court finds that an agreement is integrated. That cannot be correct. Determining whether an oral agreement is consistent or inconsistent with the written agreement must be a court's first inquiry. If it finds that the alleged oral agreement is inconsistent, evidence is not admissible to contradict the terms of the written agreement, period![2] Moreover, it cannot be used to prove that an agreement is partially integrated, because, even if it is, the parol evidence could not contradict the writing. Nevertheless, the majority adheres, without reflection or reason, to *O'Meara* and concludes that the agreement was partially integrated before it trudges on to conclude that patently inconsistent terms are consistent.

To determine if a term of one agreement is or is not consistent with a term of another agreement, each agreement must first be interpreted on its own terms and then compared with the other. The interpretation of an unambiguous contract is a question of law for the court. *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978).

The lease provides:

"16. *SIGNS:*
Tenant shall not erect or install any signs or advertising media or door lettering or placards visible from outside the leased premises without the previous written consent of the Landlord."

---

[2] An inconsistent term might be admissible for some other purpose, such as to explain an ambiguity or to show fraud. *See Restatement (Second) Contracts,* § 214 (1979).

Plaintiffs (tenants) claim that defendant (landlord) orally agreed, before the lease was signed, that they could erect a freestanding sign. Both of those agreements are unambiguous. The written agreement provides that tenants cannot erect *any* sign without landlord's prior written consent. The oral agreement provides that tenants can erect a freestanding sign.

Contract terms are inconsistent if they directly contradict each other. *Hatley v. Stafford*, 284 Or 523, 533, 588 P2d 603 (1978). The oral agreement that tenants can erect a freestanding sign directly contradicts the written agreement requiring landlord's written consent for *any* sign. A freestanding sign is *any* sign. Accordingly, as a matter of law, the oral agreement is inconsistent with the written agreement, and the trial court erred in admitting the parol evidence of that oral agreement.

I dissent.