251 P.3d 927 (2011)
STATE of Washington, Respondent,
v.
Carmen Angelo DAMIANI, Appellant.
No. 39730-7-II.
Court of Appeals of Washington, Division 2.
Publication Ordered May 25, 2011.
February 1, 2011.
Carol L. La Verne, Thurston County Prosecutor's Office, Olympia, WA, for Appellant.
Carmen Angelo Damiani (Appearing Pro Se), Olympia, WA, for Respondent.
PENOYAR, J.
¶ 1 The State of Washington appeals from a sentencing proceeding following Carmen Angelo Damiani's Alford plea[1] to a charge of tampering with, a witness, domestic violence.[2] The State contends that the sentencing court committed an error of law when it included a proviso on the judgment and sentence stating that Damiani could possess a firearm "in a military formation or in combat." We reverse and remand for the sentencing court to remove this provision from the judgment and sentence as the superior court does not have discretion in sentencing when the firearm restriction is statutorily mandated.

*928 FACTS
¶ 2 On June 9, 2009, Damiani called MD and told her "that she needs to tell law enforcement that he did not hit her and that she was drunk, stumbled and fell." Clerk's Papers (CP) at 10. MD told Damiani that she would say anything he wanted her to say if he admitted that he hit her. He replied that he would not admit anything over the telephone.
¶ 3 Based on this phone call, the State charged Damiani with witness tampering, domestic violence. It also charged him with fourth degree assault for assaulting MD earlier that same day, In exchange for the State dismissing the assault charge, Damiani entered aft Alford plea to the witness tampering, domestic violence count. During his sentencing allocution, Damiani expressed concern that he would lose his job in the military if he was unable to possess a firearm during work. At the time, Damiani had served 15 years in the army, which included serving twenty-six months on three tours over a four-year period. He explained:
And that's why I'm appealing to you that I may have some type of clause or agreement that I may be able to maintain a firearm. I'm an infantry rifle platoon sergeant. I'm an airborne Ranger, or a Ranger-qualified airborne-qualified soldier, and pretty much my whole job revolves around one silly rifle. And that's the only reason I appeal to you I be able to maintain a firearm at work, is just so I could provide for my family.
Report of Proceedings (RP) at 13. The sentencing court decided that it had discretion to give him such a proviso:
I'll just jump right to the firearm situation. The law in the State of Washington says you may not own or possess or have under your control a firearm unless that right is restored by a court of record based on this conviction. On the other hand, I think that there is ample case authority that I can Allow you to possess a firearm while in a military formation or in a combat situation.
RP at 16. The State objected, explaining to the court that federal domestic violence laws prohibit possession of firearm, including on a military base, upon conviction of a domestic violence offense. The court responded:
Well, obviously, I don't control federal law, and if there is a federal law that preempts what I've said, so be it. But I'm not controlling that. I've indicated that my understandingand perhaps there has been a new federal law I wasn't aware of is that we in the past have allowed persons to possess firearms while in a formation.
RP at 18. Over the State's objection, the court added this language to Section 4.4 of the Judgment and Sentence: "The court is not opposed to D possessing a firearm in a military formation or in combat." CP at 19. The State appeals.

ANALYSIS
¶ 4 The issues on appeal relate to the sentencing court's authority to permit Damiani, a convicted felon, to possess a firearm. RCW 9.41.040[3] applies to Damiani's conviction *929 and prohibits him from possessing a firearm until his right to do so is legally restored. While the language the sentencing court added does not directly contradict this legal proposition, it could mislead Damiani and he should be resentenced.
¶ 5 The State correctly argues then that there is no statutory authority allowing the trial court to decriminalize the possession of a firearm for military exercises. While dicta, this court discussed the lack of discretion a trial court has in removing the firearm right:
The convicting or committing court has no discretion to decide which crimes or commitments shall affect a person's firearm rights. This clear lack of discretion in the right removal context is consistent with the lack of discretion in the restoration context.
State v. Swanson, 116 Wash.App. 67, 75, 65 P.3d 343 (2003) (comparing legislative grants or denials of discretion in various firearm restoration statutes to the lack of discretion in RCW 9.41.040(4)).
¶ 6 The legislature has not granted the superior court discretion to waive or limit the firearm restriction imposed under RCW 9.41.040 for an adult felony offender. While the trial court here arguably did not purport to exercise such discretion, the language indicating that the court was not "opposed" to firearm possession in military situations might easily confuse Damiani or other lay reader. This language was therefore not appropriate and should be stricken.
¶ 7 We reverse and remand for resentencing.
¶ 8 A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: ARMSTRONG and QUINN-BRINTNALL, JJ.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Newton, 87 Wash.2d 363, 372, 552 P.2d 682 (1976) (adopting Alford). Under an Alford plea, a defendant may take advantage of a plea agreement without acknowledging guilt. Alford, 400 U.S. at 36, 91 S.Ct. 160.
[2] A violation of RCW 9A.72.120(1)(a) and RCW 10.99.020.
[3] A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense as defined in this chapter.
(b) Unlawful possession of a firearm in the first degree is a class B felony punishable according to chapter 9A.20 RCW.
(2)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person does not qualify under subsection (1) of this section for the crime of unlawful possession of a firearm in the first degree and the person owns, has in his or her possession, or has in his or her control any firearm:
(i) After having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any felony not specifically listed as prohibiting firearm possession under subsection (1) of this section, or any of the following crimes when committed by one family or household member against another, committed on or after July 1, 1993: Assault in the fourth degree, coercion, stalking, reckless endangerment, criminal trespass in the first degree, or violation of the provisions of a protection order or no-contact order restraining the person or excluding the person from a residence (RCW 26.50.060, 26.50.070, 26.50.130, or 10.99.040).