[No. 39859-1-II.   Division Two.   June 21, 2011.]

Sᴋᴀɢɪᴛ Hɪʟʟ Rᴇᴄʏᴄʟɪɴɢ, Iɴᴄ., *Respondent*, v. Sᴋᴀɢɪᴛ Cᴏᴜɴᴛʏ ᴇᴛ ᴀʟ., *Petitioners*.

*James A. Tupper Jr., Sarah E. Mack,* and *Lynne M. Cohee* (of *Tupper Mack Brower PLLC*) for respondent.

*Richard A. Weyrich, Prosecuting Attorney,* and *A.O. Denny, Deputy,* for petitioners.

¶1 WORSWICK, A.C.J. — The Skagit County Health Department (Health Department) denied a renewal of a landfill permit to Skagit Hill Recycling Inc. Skagit Hill ultimately appealed to the Pollution Control Hearings Board (PCHB), which granted summary judgment to the Health Department. Skagit Hill then sought review of the PCHB's decision before the superior court in its appellate capacity. The superior court reversed the PCHB's summary judgment order, finding that genuine issues of material fact precluded the PCHB's order. The Health Department now appeals the decision of the superior court. We reverse the superior court's decision and affirm the PCHB's order granting summary judgment to the Health Department, upholding the denial of a renewal permit to Skagit Hill.

## FACTS

¶2 In 2006, Skagit Hill acquired landfill property on State Route 9 just north of Sedro-Wooley. The site is used as a sand and gravel facility, a recycling facility, and an inert waste landfill.[1] The property was first permitted as an inert waste landfill in 2001. At Skagit Hill's request, Skagit County transferred a preexisting inert waste landfill permit from the prior property owner to Skagit Hill. The reissued permit was set to expire on December 31, 2006.

¶3 After the permit transfer, health department officials inspected the property on September 26, 2006. The inspec-

---

[1] "Inert waste" is any waste that shall (1) not be capable of catching fire and burning from contact with flames; (2) maintain its structure under storage and disposal conditions; (3) have sufficient structural integrity to prevent settling and unstable situations; (4) not be capable of producing emissions to negatively impact soil, air, water, or air quality; and (5) not pose a human health threat. WAC 173-350-100, -990. And an "inert waste landfill" means a landfill that receives only inert wastes. WAC 173-350-100.

tor noted asphaltic roofing waste, metal debris, concrete, tires, an old office trailer, and other construction and demolition waste. The inspector took photographs of the site to document his observations. The inspector told Ron Johnson, Skagit Hill's operations manager, that the roofing waste, the construction and demolition waste, the tires, and the old office trailer could not be accepted under the current permit.

¶4 The Health Department conducted another inspection on October 13, during which an inspector again observed and documented various demolition and construction debris. Health department officials advised Skagit Hill that "the current inert waste permit did not allow for non-inert waste to be accepted at the site" and "that if they decided that they wanted to accept and process non-inert waste, that they would need to get a solid waste permit that would cover the proposed solid waste handling activities before they started to accept those new wastes." Clerk's Papers (CP) at 116. Skagit Hill's representative then told the officials that they would have the waste removed within 10 days.

¶5 Skagit Hill applied to renew its 2006 permit on November 14, 2006. A few days later, on November 20, the Health Department acknowledged by letter that it had received the application and advised Skagit Hill of the limited scope of the permit:

> I want to reiterate and ensure that you realize the facility is only permitted as an inert waste landfill per WAC 173-350-410. If you wish to apply for other solid waste activities at the facility, then you must complete the applicable forms and supply the information requested by the Health Department in order to review your request. You may not legally conduct other solid waste activities at the facility until a permit is issued for those specific activities.

CP at 127-28. The letter also required Skagit Hill to perform certain tasks ahead of the renewal.[2] When Skagit Hill failed to comply, the Health Department denied the 2006 permit renewal application and issued a notice of violation.[3] The Health Department ultimately issued Skagit Hill a new solid waste landfill permit on March 30, 2007. The new permit conditions explicitly restricted the landfill to inert waste. The permit also imposed the following "Compliance Requirement":

> Skagit Hill Recycling accepted construction and demolition wastes at the facility in violation of the inert waste landfill facility permit requirements. As part of the abatement process, Skagit Hill Recycling must not accept any additional construction and demolition wastes or any other solid wastes except inert waste at the facility. The existing piles of construction and demolition wastes must be covered to prevent precipitation from entering the piles. The piles of construction and demolition wastes including the asphaltic roofing waste must be removed from the facility by October 1, 2007. The Health Department must receive a written report of where the construction and demolition waste was disposed of or how it was recycled within 30 days of the removal or processing of the wastes.

CP at 208.

¶6 Skagit Hill then submitted an amended operation plan on April 10, 2007, which the Health Department accepted. This amended plan affirmed several requirements, including (1) only inert materials are to be accepted in accordance with WAC 173-350-410,[4] (2) noninert waste

---

[2] The Health Department required an updated plan of operations and proof that unpermitted debris present on the property had been removed to a licensed disposal site.

[3] Skagit Hill appealed the notice of violation and a health officer determined that the nonrenewal was proper. Skagit Hill appealed this decision. While the appeal was pending before the Skagit County Board of Health, a settlement was reached.

[4] WAC 173-350-410 outlines design standards and operational requirements for inert waste landfills, including, but not limited to, site stability, surface water management, public access, and reporting related thereto.

requires written approval of the health department before it can be accepted, and (3) any material dumped that is unacceptable must be removed immediately upon discovery. Skagit Hill did not appeal the 2007 permit or any of its conditions.

¶7 The Health Department inspected the Skagit Hill property again on July 20, 2007. The inspection report noted several observations, including that (1) much of the soils, concrete, and asphalt wastes on the top westerly portion of the site had been leveled out; (2) some piles of land clearing debris were in the pit area; (3) there was an increased amount of construction and demolition waste since the last inspection, including scraps, plastics, piping, foam, insulation, other metals, and tires; (4) there was a small pile of wood ash; (5) there were asphaltic roofing materials; and (6) there were piles of construction and demolition waste that had not been tarped during rainy periods. The report also acknowledged that despite the prohibition on accepting noninert waste at this facility, construction and demolition waste had increased.

¶8 Skagit Hill applied to renew its 2007 permit for 2008 in November 2007. On November 20, the Health Department again visited the Skagit Hill property for a compliance inspection. The inspection report noted that (1) on the top westerly portion of the site there were several piles, including various clean wood waste,[5] soil, and mixed asphalt chunks; (2) there was construction and demolition waste that did not meet the wood waste exception; and (3) there were various piles of wood ash without clear storage areas. The report also stated that impermissible construction and demolition waste had been brought in and removed from the site and that some remaining waste was not clean wood waste.

---

[5] "Wood waste" is defined as "solid waste consisting of wood pieces or particles generated as a by-product or waste from the manufacturing of wood products, construction, demolition, handling and storage of raw materials, trees and stumps." WAC 173-350-100.

¶9 Following the inspection, the Health Department denied the permit renewal because it "determined that the facility is operating in violation of the solid waste handling standards under the applicable State and Skagit County regulations." CP at 221. The Health Department identified the following five specific conditions supporting its denial:

[(1)] Accepting materials other than inert waste into the inert waste landfill facility;

[(2)] Processing mixed construction and demolition wastes without an appropriate solid waste permit;

[(3)] Failure to adhere to the permit compliance requirement to remove non-inert waste from the facility by October 1, 2007;

[(4)] Depositing non-inert wastes and materials into the area of the facility designated as the landfill cell; and,

[(5)] Failure to submit all of the proscribed [sic] routine water monitoring as required in the permit.

CP at 221. The denial notice further directed that "[Skagit Hill] shall cease accepting solid waste and conducting solid waste activities at the facility effective January 1, 2008, and until such time as the facility operator and owner can demonstrate the ability to comply with solid waste handling regulations through receiving and complying with the applicable solid waste permit issued by [the Health Department]." CP at 222.

¶10 Skagit Hill appealed the permit renewal denial to the Skagit County Health Officer (Health Officer). The Health Officer denied the appeal and entered findings of fact and conclusions of law.[6] The Health Officer found that

---

[6] The Health Officer's findings were:

1. The inert waste landfill permit is to allow just that, landfilling of inert waste. Other permitable solid waste handling activities at this site are not in compliance with this permit.
**Skagit Hill Recycling is not operating an inert waste landfill, nor did they in 2007, but is accepting, stockpiling, and processing non-inert solid waste in the inert waste landfill designated facility.**
2. Definitions in Chapter 173-350 WAC do not support Skagit Hill Recycling conclusions that activity at the site is exempt from permit. The construction and demolition debris, tires and asphalt shingles are not wood waste, wood

Skagit Hill was accepting noninert solid waste without a valid permit.

¶11 Skagit Hill then appealed the Health Officer's decision to the PCHB. Skagit Hill's owner, Scott Waldal, submitted a declaration stating that (1) Skagit Hill has accepted limited inert waste for the purposes of final disposal, but it is focusing on recycling; (2) with very minor exceptions, all waste material at the facility was source separated;[7] (3) the grinding and sorting equipment was taken off-site; and (4) Skagit Hill's grinding equipment separates metals, insulation, roofing material, and wood waste before it arrives at the facility.

¶12 The Health Department filed a dispositive motion to dismiss and the PCHB granted summary judgment in favor of the Health Department. The PCHB's order granting summary judgment states:

> The issue before the Board is whether Skagit County properly denied a renewal of the 2007 inert waste landfill permit. The legality or proper characterization of different or additional recycling activity on the site is not relevant to the Board's decision on renewal. . . . The uncontroverted evidence demonstrates that Skagit Hill violated the terms of the 2007 inert waste landfill permit for this site. Its actions violated the local regulations established by Skagit County in the specific permit terms. Under WAC 173-350-710, this violation is a lawful basis for denying a renewal application. The County's denial was justified under the facts and circumstances of this

---

derived fuel, and it is not source separated recyclable materials. Ecology staff does not support the Skagit Hill Recycling conclusions as documented in the Health Department staff report. The record indicates the appellant was given the opportunity on several occasions to apply for permits that would more closely match what his business plan appears to be, however, no action was taken by the appellant to begin this process. **Skagit Hill Recycling's current operation at this site is not exempt from solid waste permitting. Skagit Hill Recycling is currently operating an illegal solid waste facility at this site.**

CP at 51.

[7] "Source separation" means the separation of different kinds of solid waste at the place where the waste originates. WAC 173-350-100.

case, and accordingly, Skagit County's motion for summary judgment is granted.

CP at 283-84.

¶13 Skagit Hill appealed the PCHB's decision to the Thurston County Superior Court. Acting in its appellate capacity, the superior court reversed and remanded for an evidentiary hearing. The Health Department sought discretionary review, which we granted.

## ANALYSIS

¶14 Skagit Hill assigns error to the PCHB's summary judgment order in favor of the Health Department.[8] Skagit Hill argues that (1) this case does not involve illegal landfilling, (2) the PCHB erred in ruling that the 2007 inert waste landfill permit at issue prohibited the acceptance of noninert construction and demolition waste, (3) the PCHB erred in refusing to consider whether Skagit Hill's materials recovery and recycling activities were permit exempt, (4) the PCHB erred in granting summary judgment on the basis of Skagit Hill's alleged failure to cover and remove existing construction and demolition waste piles, and (5) the PCHB erred because tires were already on the Skagit Hill site prior to the 2007 permit issuance.

### STANDARD OF REVIEW

¶15 The Administrative Procedure Act (APA)[9] governs judicial review of the PCHB's decisions. RCW 43.21B-.180; *Bowers v. Pollution Control Hearings Bd.*, 103 Wn. App. 587, 595, 13 P.3d 1076 (2000). We review the PCHB's action from the same position as the superior court and

---

[8] Even though Skagit Hill is labeled as the respondent for purposes of the case caption, it bears the burden of demonstrating error under the Administrative Procedure Act, chapter 34.05 RCW, because it sought review in the superior court from the pollution control hearings board. *See* General Order 2010-1 of Division II, *In re Modified Procedures For Appeals Under The Administrative Procedures Act, Chapter 34.05, and Appeals Under the Land Use Petition Act, Chapter 36.70 RCW* (Wash. Ct. App.), *available at* http://www.courts.wa.gov/appellate_trial_courts/; RCW 34.05.570(1)(a).

[9] Ch. 34.05 RCW.

apply APA standards directly to the PCHB's record. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). We accept the PCHB's factual determinations if, when viewed in light of the whole record before the court, substantial evidence supports them. *Martini v. Emp't Sec. Dep't*, 98 Wn. App. 791, 795, 990 P.2d 981 (2000). Substantial evidence is evidence of a sufficient quantity "to persuade a fair-minded person of the truth or correctness of the [agency] order." *Callecod v. Wash. State Patrol*, 84 Wn. App. 663, 673, 929 P.2d 510 (1997) (citing RCW 34.05.570(3)(e)). Skagit Hill bears the burden of showing that the PCHB's action was invalid. RCW 34.05.570(1)(a); *Bowers*, 103 Wn. App. at 595.

¶16 Where the original decision was on summary judgment, we must overlay the APA standard of review with the summary judgment standard. *Verizon Nw., Inc. v. Wash. Emp't Sec. Dep't*, 164 Wn.2d 909, 916, 194 P.3d 255 (2008). Accordingly, we view the facts in the record in the light most favorable to the nonmoving party. *Verizon*, 164 Wn.2d at 916. Summary judgment is appropriate only where the undisputed material facts entitle the moving party to judgment as a matter of law. *Verizon*, 164 Wn.2d at 916. We evaluate the facts in the record de novo and the law in light of the error of law standard. RCW 34.05.570(3)(d); *Verizon*, 164 Wn.2d at 916. Under the "error of law" standard, we review the PCHB's legal conclusions de novo. *Fort v. Dep't of Ecology*, 133 Wn. App. 90, 95, 135 P.3d 515 (2006) (citing RCW 34.05.570(3)(d); *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 136 Wn.2d 38, 45, 959 P.2d 1091 (1998)).

RELEVANT STATUTES AND ADMINISTRATIVE RULES

¶17 Solid waste in Washington is governed by chapter 70.95 RCW, the purpose of which "is to establish a comprehensive statewide program for solid waste handling, and solid waste recovery and/or recycling which will prevent land, air, and water pollution and conserve the natu-

ral, economic, and energy resources of this state." RCW 70.95.020. Inert waste landfills are recognized under RCW 70.95.065. Generally, a permit is required in order to operate a solid waste handling facility. RCW 70.95.170. But exceptions exist for those engaged in certain recycling activities. RCW 70.95.305. And wood waste in various forms is also exempt from permitting requirements so long as the owners and operators of all storage piles ensure that at least 50 percent of the material is used within one year and all material is used within three years. WAC 173-350--320(1)(b).

### Standing To Pursue Appeal

¶18 The Health Department first contends that Skagit Hill lacks standing to pursue its appeal of the PCHB summary judgment order under RCW 34.05.570(1)(d) because Skagit Hill was not prejudiced by its decision.[10] Br. of Appellant at 25. But, as Skagit Hill argues, this is not really a standing argument and instead goes to whether it is entitled to relief. The Health Department's argument fails on this point.

¶19 The Health Department also contends that Skagit Hill is not entitled to relief because it failed to assign error to any of the PCHB's findings or conclusions. Skagit Hill readily concedes that it did not specifically assign error because it is seeking a de novo review of the PCHB's summary judgment decision. We agree that because this appeal involves a summary judgment order and not a disputed factual issue, Skagit Hill need not have assigned error to the PCHB's findings or conclusions.

### Noninert Construction and Demolition Waste

¶20 Skagit Hill first contends that the PCHB erred in ruling that the 2007 inert waste landfill permit prohibited its

---

[10] RCW 34.05.570(1)(d) provides, "The court shall grant relief only if it determines that a person seeking judicial relief has been substantially prejudiced by the action complained of."

acceptance of noninert construction and demolition waste. Skagit Hill argues that the PCHB ruling, which recognized the lawfulness of wood waste stockpiling but prohibited the processing of construction and demolition waste, is inherently inconsistent. Skagit Hill further argues that the record shows that the Health Department did not view the landfill permit as prohibiting the handling of such wood waste.

¶21 Skagit Hill appears to argue that equitable estoppel should bar the Health Department from now asserting that Skagit Hill's other noninert waste activities required a permit when it ignored the express conditions of the 2007 permit in allowing wood waste processing. Equitable estoppel is based on the view that " 'a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon.' " *Lybbert v. Grant County*, 141 Wn.2d 29, 35, 1 P.3d 1124 (2000) (quoting *Kramarevcky v. Dep't of Soc. & Health Servs.*, 122 Wn.2d 738, 743, 863 P.2d 535 (1993)).

¶22 Equitable estoppel requires (1) an admission, statement, or act inconsistent with the claim afterwards asserted; (2) an action by the other party on the faith of such admission, statement, or act; and (3) injury to the other party if the claimant is allowed to contradict or repudiate his earlier admission, statement, or act. *Liebergesell v. Evans*, 93 Wn.2d 881, 888-89, 613 P.2d 1170 (1980). But "[a]ssertions of equitable estoppel against the government are not favored, and parties must demonstrate that equitable estoppel is necessary to prevent a manifest injustice and that the exercise of governmental functions will not be impaired as a result of the estoppel." *City of Seattle v. St. John*, 166 Wn.2d 941, 949, 215 P.3d 194 (2009) (citing *Kramarevcky*, 122 Wn.2d at 743).

¶23 Because Skagit Hill has not fully developed its argument on this issue, we decline to reach it under RAP

10.3(a)(6).[11] And even if Skagit Hill properly raised equitable estoppel here, it has failed to meet the heavy burden we place on those asserting such against government agencies. Thus, Skagit Hill's argument fails.

## PERMIT-EXEMPT MATERIALS RECOVERY AND RECYCLING ACTIVITIES

¶24 Skagit Hill also contends that the PCHB erred in refusing to consider whether its materials recovery and recycling activities were permit exempt and ignored related issues of fact. Skagit Hill argues that it is entitled to relief under RCW 34.05.570(3)(f)[12] because the PCHB did not decide all issues requiring resolution. In so arguing, however, Skagit Hill suggests that the issue is whether the PCHB erred in refusing to hold an evidentiary hearing on the applicability of the permit exemptions, not whether Skagit Hill's materials recovery and recycling activities were in fact permit exempt.[13]

¶25 Skagit Hill appears to suggest that RCW 34.05-.570(3)(f) requires the agency to consider all issues presented by the parties. But it provides no authority for such a proposition. In this case, the PCHB properly considered all of the issues "requiring resolution," which was one primary issue: did Skagit Hill violate the conditions of its 2007 inert waste permit? There is uncontroverted evidence here supporting the PCHB's determination that Skagit Hill violated the terms and conditions of its 2007 permit, including accepting roofing material, insulation, plastics, fabrics,

---

[11] RAP 10.3(a)(6) requires the appellant to provide argument for any issue raised, including citations to legal authority and references to the relevant portions of the record.

[12] RCW 34.05.570(3)(f) states in relevant part that in a proceeding involving review of a rule, the determination shall be invalid if the agency failed to decide all issues requiring resolution by the agency.

[13] The substantive question of whether its activities were permit exempt is, according to the Health Department, an issue in *Skagit County v. Skagit Hill Recycling*, cause no. 64395-9-I (Wash. Ct. App., argued Feb. 24, 2011), filed in Division One of this court. We suggest that in the future, the parties consolidate their cases in order to receive a comprehensive decision that best uses judicial resources. RAP 3.3(b).

and other miscellaneous items. And the amended operational plan Skagit Hill submitted in 2007 explicitly stated that accepting noninert waste required written approval of the Health Department before it could be accepted.

¶26 While Skagit Hill has raised an issue regarding whether some of its activities might have been exempt from permitting in general, the clear conditions of the permit as agreed to by Skagit Hill in 2007 expressly preclude the stockpiling and processing of noninert waste. And there is nothing in the record to suggest that Skagit Hill sought to contest those conditions at the time. The evidence clearly controverts Skagit Hill's position that it was conducting exclusively permit-exempt activities. Thus, Skagit Hill has failed to present any material questions of fact requiring an evidentiary hearing on this issue.

FAILURE TO COVER AND REMOVE EXISTING WASTE

¶27 Skagit Hill next contends that the PCHB erred in granting summary judgment in part based upon Skagit Hill's supposed failure to cover and remove existing construction and demolition waste piles from the site by October 1, 2007. Skagit Hill argues that the permit requirement to remove the waste was stayed pending a separate appeal to the Health Officer and that the violation for failing to cover the waste was not cited by the Health Department as a basis for denying the landfill permit.

¶28 The Health Department concedes that the requirement in the 2007 permit requiring Skagit Hill to remove the noninert solid waste was stayed pending an unrelated appeal. But as the Health Department points out, the stay in and of itself does not create a material question of fact requiring reversal of the PCHB's summary judgment order. Furthermore, even if the Health Department neglected to cite Skagit Hill's failure to cover the waste as a basis for denying the permit, which precluded the Health Department from raising the issue before the PCHB, that also does

not create a material question of fact that precludes summary judgment in this case.[14]

ACCEPTANCE OF TIRES

¶29 Skagit Hill next contends that the PCHB erred in granting summary judgment on the basis of its acceptance of tires because the tires were already on the landfill site before the Health Department issued the 2007 permit. While Skagit Hill is correct that the record demonstrates the tires existed before issuance of the 2007 permit, that in and of itself does not create a material question of fact that precludes the PCHB's summary judgment order. *See Ferry County v. Concerned Friends of Ferry County*, 155 Wn.2d 824, 827, 123 P.3d 102 (2005).

¶30 Viewing the facts in the light most favorable to Skagit Hill, substantial evidence exists to support the PCHB's factual determinations that Skagit Hill impermissibly stockpiled noninert material and stockpiled noninert waste on site. This was a clear violation of the conditions of Skagit Hill's 2007 inert waste landfill permit. Skagit Hill failed to produce evidence demonstrating a genuine issue of material fact as to its compliance with its 2007 permit. Thus, we affirm the PCHB's order granting summary judgment to the Health Department and uphold its denial of renewal of the permit in 2008.

QUINN-BRINTNALL and VAN DEREN, JJ., concur.

---

[14] PCHB reviews matters de novo unless otherwise provided by law. WAC 371-08-485(1). The PCHB makes "findings of fact based on the preponderance of the evidence unless otherwise required by law." WAC 371-08-485(2).