# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRIAN BYRD and NICOLE BYRD, husband and wife, | No. 50513-4-II |
| Appellants, | |
| v. | |
| PIERCE COUNTY, a Washington municipal corporation, | PUBLISHED OPINION |
| Respondent. | |

JOHANSON, J. — Brian and Nicole Byrd appeal the superior court's grant of Pierce County's CR 12(b)(6) motion to dismiss the Byrds' complaint. The Byrds argue that their complaint stated claims for equitable estoppel and quiet title upon which relief can be granted and that they were not required to exhaust administrative remedies under the Land Use Petition Act (LUPA), ch. 36.70C RCW. We hold that (1) as a matter of law, equitable estoppel may not be alleged offensively as a cause of action by plaintiffs, so the Byrds' complaint failed to state an equitable estoppel claim, (2) the Byrds failed to state a quiet title claim, and (3) because the Byrds failed to state claims upon which relief can be granted, we do not consider the exhaustion of remedies issue. We affirm.

FACTS

I. COMPLAINT: ALLEGED CAUSES OF ACTION AND REQUESTS FOR RELIEF

The Byrds filed a complaint in superior court entitled "Complaint for Equitable Estoppel and Request for Perm[a]n[e]nt Inju[n]ctive Relief."  In a section with the heading "Causes of Action:  Quiet Title/Declaratory Relief," the Byrds incorporated their factual allegations by reference and then provided the following statement describing their action:

> Plaintiffs have spent 5 years and thousands of dollars moving through the permitting process to build the new recycling center.  The County has been aware of, and has verbally approved, Plaintiffs' plans since 2012.  The County has approved construction/renovation so as to create an office.  The County has requested and recommended approval of Plaintiffs' submitted engineering designs.  Plaintiffs consulted with the County prior to purchasing the property.  Plaintiffs reasonably relied on the County's assertions, permits and approvals to use the Subject Property for commercial use.  The County has now changed its approval to a denial.  Plaintiffs have been damaged by the County's denial.  *Such conduct by the County satisfies the doctrine of equitable estoppel as a party cannot act in a manner allowing another to rely on such action only to then contradict or repudiate such action to the detriment of the relying party.*

Clerk's Papers (CP) at 5 (emphasis added).

The only time the Byrds used the phrase "quiet title" was in the heading of the section discussing their equitable estoppel claim.  The complaint's request for relief asked for "an order estopping the County from denying Plaintiffs' minor right of way driveway deviation" and a "permanent injunction against the enforcement of a covenant on title restricting residential access only to the Subject commercial Property."  CP at 6.  The complaint did not assert that there was a dispute regarding competing property rights or the parties' respective rights under the deed language.  The complaint did not allege that the Byrds were entitled to commercial access to the property under the deed.  The complaint also did not ask the court to interpret the deed language.

A. FACTUAL ALLEGATIONS

1.   1967 WARRANTY DEED AND 1979 QUIT CLAIM DEED

In 1967, Disman and Beverly Peecher owned the "Subject Property" in Puyallup, which was directly adjacent to State Route (SR) 512 and Canyon Road. SR 512 was under construction, and the State used eminent domain to purchase the portion of the Peechers' property that directly abutted SR 512. The Peechers deeded a portion of their property to the State and relinquished rights to access SR 512 from the Subject Property. The deed included a 14-foot residential driveway exclusion that stated, in relevant part, that the Peechers granted to the State "all rights of ingress and egress . . . to, from and between" SR 512 and the Subject Property except right of way access "for the sole purpose of serving a single family residence." CP at 103.

In 1979, when the State completed construction of SR 512, the State quit claimed to the County "all right, title and interest in the property" that the State had obtained from the Peechers under the 1967 deed. CP at 2. The deed stated that the County would "maintain the control of ingress and egress to, from and between the lands herein conveyed and the lands adjacent thereto," including the Subject Property. CP at 15.

2.   2012 WARRANTY DEED

In September 2012, the Byrds purchased the Subject Property from the Peechers with the intent to build a commercial recycling center. The purchase was conditioned on the removal of the residential structure on the Subject Property, which was accomplished under a residential demolition permit issued by the County. The warranty deed from the Peechers to the Byrds stated that the Peechers conveyed to the Byrds the Subject Property "[s]ubject to easements, covenants,

conditions and restrictions shown on Exhibit 'A' as hereto attached and by this reference made a part hereof." CP at 31. The attached exhibit A stated,

> Relinquishment of right of access to state highway and of light, view and air under terms of deed to the State of Washington recorded under Auditor's No. 2214607 [the 1967 warranty deed].

CP at 32. At the time the Byrds purchased the Subject Property, they had a partially legible copy of the 1967 warranty deed.

B. COMMERCIAL DEVELOPMENT AND COUNTY'S ENFORCEMENT OF ACCESS RESTRICTION

The Byrds communicated with the County numerous times between 2012 and 2016 to seek information and submit applications regarding the Subject Property's development. In April 2013, the County issued permits for the Byrds to convert a detached garage on the Subject Property into office space. In August 2014, the County approved the Byrds' plans for the proposed commercial recycling center. In March 2015, the Byrds received approval to clear the Subject Property, which was required before the Byrds could obtain building permits for the recycling center.

In October, the County informed the Byrds that in order to use the Subject Property for commercial purposes, the Byrds needed to obtain an engineering deviation to widen the driveway to comply with commercial driveway regulations. In December, the Byrds submitted a deviation request to widen the driveway. In January 2016, a county engineer "recommended" approval for the Byrds' deviation request if the Byrds constructed the road, lighting, and curbing into and out of the Subject Property consistent with the conditions specified in the memo.

In February 2017, the State sent an e-mail to the County saying that the State had an "understanding" that "a commercial recycling facility has been proposed" on the Subject Property. CP at 76. The State's e-mail said that the driveway on the County's property "is currently only

allowed as a Type A Residential Use driveway." CP at 76. The State expressed concern to the County that the Byrds' proposed development could have negative impacts on traffic patterns and said, "[Washington State Department of Transportation] will not support allowing the driveway's usage to be changed from its current residential use only." CP at 76. The State asked the County to enforce the limited access restrictions in the 1967 deed that allowed only single-family residential access to the Subject Property from SR 512.

In March 2017, the County denied the deviation request "due to title notification that the subject parcel is only allowed a residential driveway approach not to exceed 14 feet wide." CP at 81. The denial stated that the Byrds' deed for the Subject Property contained a reference to the 1967 warranty deed and the residential access restriction it contained.

The Byrds filed a "Complaint for Equitable Estoppel and Request for Perm[a]n[e]nt Inju[n]ctive Relief" in superior court.

## II. MOTION TO DISMISS AND RESPONSE

In May, the County filed a CR 12(b)(6) motion to dismiss the Byrds' action, arguing that the Byrds had failed to comply with the LUPA requirement that they exhaust administrative remedies regarding the deviation permit denial before appealing to superior court. In addition, the County asserted that there was no legal theory under which the Byrds could succeed on their equitable estoppel claim because the superior court cannot prohibit enforcement of the deed or state law. The County asserted that the deed language clearly prohibited commercial access to the Subject Property, and RCW 47.52.080 allowed access to, from, and between limited access highways and abutting properties only to the extent authorized in a deed. As such, according to the State, the deed allowing only single-family residential access between the highway and the

5

Subject Property was a limitation on access to the Subject Property provided under state law, and this access limitation could not be modified by the County even if the County wanted to grant such access.

The Byrds asserted for the first time in reply to the County's response that the language in the deed, allegedly imposing a limited residential access restriction to the Subject Property, was unclear. They argued that the court, as a threshold matter, needed to address whether the deed limited all commercial access to the Subject Property, and if so whether the County was equitably estopped from enforcing the deed. As such, the Byrds asserted that their complaint addresses "the scope of a deed provision" and "the application of equitable estoppel," both of which the Byrds claimed are issues outside the authority of the hearing examiner and properly brought as original actions in the superior court. CP at 122.

The superior court granted the County's motion to dismiss, concluding that the Byrds had failed to state a claim upon which relief could be granted and had failed to exhaust administrative remedies.

The Byrds appeal the superior court's order dismissing their complaint.

ANALYSIS

I. FAILURE TO STATE A CLAIM

The Byrds assert that the superior court improperly granted the County's motion to dismiss because the Byrds stated claims for equitable estoppel and quiet title upon which relief could be granted. And in an assignment of error, the Byrds assert that their complaint stated a "cause[] of action" for "injunctive relief." Appellants' Br. at 1. We disagree with the Byrds' assertions.

A. PRINCIPLES OF LAW

We review de novo a trial court's decision to dismiss a claim under CR 12(b)(6). *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Dismissal based on failure to state a claim is appropriate only if we conclude, beyond a reasonable doubt, that the plaintiff cannot prove any set of facts consistent with the complaint which would justify recovery. *Kinney*, 159 Wn.2d at 842.

We presume "all facts alleged in the plaintiff's complaint are true and may consider hypothetical facts supporting the plaintiff's claims." *Kinney*, 159 Wn.2d at 842. "'[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support plaintiff's claim.'" *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995) (alteration in original) (quoting *Halvorson v. Dahl*, 89 Wn.2d 673, 674, 574 P.2d 1190 (1978)). We grant motions to dismiss "'only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Kinney*, 159 Wn.2d at 842 (internal quotation marks omitted) (quoting *Hoffer v. State*, 110 Wn.2d 415, 420, 755 P.2d 781 (1988)).

B. EQUITABLE ESTOPPEL

The Byrds assert that their complaint raises an "equitable estoppel claim" and argue that the County should be equitably estopped from enforcing the Subject Property's access restrictions and denying the Byrds' engineering deviation. Appellants' Reply Br. at 12. Specifically, the Byrds argue that they reasonably relied on the County's representations that the Byrds would receive authorization to commercially develop their property. But equitable estoppel is not a *claim* upon which relief may be granted. As such, the Byrds' alleged action for equitable estoppel fails as a matter of law.

1.    PRINCIPLES OF LAW

"Equitable estoppel 'is not available for offensive use by plaintiffs.'" *Mudarri v. State*, 147 Wn. App. 590, 619, 196 P.3d 153 (2008) (quoting *Greaves v. Med. Imaging Sys., Inc.*, 124 Wn.2d 389, 397, 879 P.2d 276 (1994)).[1]  Equitable estoppel may be used only as a "'shield or defense'" and cannot be used as a "'sword.'" *Mudarri*, 147 Wn. App. at 619 (internal quotation marks omitted) (quoting *Klinke v. Famous Recipe Fried Chicken Inc.*, 94 Wn.2d 255, 259, 616 P.2d 644 (1980)).  Equitable estoppel prevents a party from taking a position inconsistent with a previous one where inequitable consequences would result to a party who has justifiably and in good faith relied. *Kramarevcky v. Dep't of Soc. & Health Servs.*, 122 Wn.2d 738, 743, 863 P.2d 535 (1993).

Moreover, the application of equitable estoppel against state or local governments is disfavored. *Kramarevcky*, 122 Wn.2d at 743.  "When equitable estoppel is asserted against the government, the party asserting estoppel must establish five elements by clear, cogent, and convincing evidence:  (1) a statement, admission, or act by the party to be estopped, which is inconsistent with its later claims; (2) the asserting party acted in reliance upon the statement or action; (3) injury would result to the asserting party if the other party were allowed to repudiate its prior statement or action; (4) estoppel is 'necessary to prevent a manifest injustice;' and (5)

---

[1] *See also Motley-Motley, Inc. v. Pollution Control Hr'gs Bd.*, 127 Wn. App. 62, 73-74, 110 P.3d 812 (2005) ("Equitable estoppel is available only as a shield, or defense; it is not available as a . . . cause of action."); *Harberd v. City of Kettle Falls*, 120 Wn. App. 498, 519, 84 P.3d 1241 (2004) ("Equitable estoppel is properly applied 'as a shield or defense, while promissory estoppel can be used as a sword in a cause of action for damages.'") (internal quotation marks omitted) (quoting *State ex rel. D.R.M. v. Wood*, 109 Wn. App. 182, 196, 34 P.3d 887 (2001)).

estoppel will not impair governmental functions." *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 887, 154 P.3d 891 (2007) (quoting *Kramarevcky*, 122 Wn.2d at 743).

2.      EQUITABLE ESTOPPEL NOT BASIS FOR RELIEF

To the extent the Byrds' complaint relies on equitable estoppel as a cause of action, it fails to state a claim as a matter of law.

In *Greaves*, the plaintiff argued that his oral employment contract was enforceable against his former employer because equitable estoppel exempted the contract from the statute of frauds. 124 Wn.2d at 397. Our Supreme Court held that equitable estoppel is not available for offensive use by plaintiffs, and thus the plaintiff could not rely on equitable estoppel to assert its wrongful termination, breach of contract, and defamation claims. *Greaves*, 124 Wn.2d at 397-98.

To support their argument that the *Greaves* rule is limited to actions involving claims for damages, the Byrds cite *Chemical Bank v. Washington Public Power Supply System*, 102 Wn.2d 874, 691 P.2d 524 (1984), *Klinke*, and *Harberd v. City of Kettle Falls*, 120 Wn. App. 498, 519-20, 84 P.3d 1241 (2004). These cases fail to support the Byrds' argument.

First, *Chemical Bank* avoided addressing whether plaintiffs could maintain an equitable estoppel claim offensively because it held that even if equitable estoppel were available to plaintiffs, the claim would fail. 102 Wn.2d at 905. And *Greaves*, resolved after *Chemical Bank*, held that equitable estoppel is not available for offensive use by plaintiffs. 124 Wn.2d at 397-98.

Second, *Harberd* addressed plaintiff Harberd's assertion that the City was estopped from denying water hookups to him. 120 Wn. App. at 519. Harberd failed to assert the nature of his estoppel claim, and the City argued that neither equitable nor promissory estoppel supported Harberd's argument. *Harberd*, 120 Wn. App. at 519. Division Three of this court stated the rule

that equitable estoppel is a defense, while promissory estoppel can be used as a sword in a cause of action for damages. *Harberd*, 120 Wn. App. at 519. The court then said, without explanation, that "our analysis turns on promissory estoppel." *Harberd*, 120 Wn. App. at 520. Contrary to the Byrds' assertion, Harberd's requested relief for damages was not material to the court's rejection of his estoppel claim. Instead, the court held that because Harberd failed to raise a genuine issue of material fact as to the first element of promissory estoppel, his estoppel claim failed. *Harberd*, 120 Wn. App. 521. The court's rejection of Harberd's promissory estoppel claim does not support the Byrds' argument that the rule in *Greaves* is applicable only to cases involving damages requests. *See Harberd*, 120 Wn. App. at 519-21.

Finally, in *Klinke*, a franchisee brought an action for damages against a franchisor for breach of contract. 94 Wn.2d at 256. Our Supreme Court addressed whether equitable estoppel or promissory estoppel could support an action for damages, and the court held that while equitable estoppel cannot support a cause of action for damages, promissory estoppel could. *Klinke*, 94 Wn.2d at 258-59. The court relied on authority from Arizona that held that equitable estoppel is a defense, while promissory estoppel may be asserted as a cause of action in claims for damages. *Klinke*, 94 Wn.2d at 259 (citing *Tiffany Inc. v. W.M.K. Transit Mix, Inc.*, 16 Ariz. App. 415, 493 P.2d 1220 (1972)). The court did not address whether equitable estoppel could support a cause of action in any context; it examined only whether equitable estoppel could serve as a basis for a damages claim. *See Klinke*, 94 Wn.2d at 258-59. That *Klinke* prohibits a plaintiff from asserting equitable estoppel in a damages claim does not support the Byrds' claim that plaintiffs seeking only damages are prohibited from filing equitable estoppel actions. 94 Wn.2d at 258-59.

Contrary to the Byrds' argument, the holding in *Greaves* regarding equitable estoppel's defensive nature applies outside the context of claims for damages. Our Supreme Court has repeatedly considered equitable estoppel as a *defense* in property disputes requesting declaratory or injunctive relief. *See, e.g.*, *Tyree v. Gosa*, 11 Wn.2d 572, 577-79, 119 P.2d 926 (1941) (holding that the plaintiff was not equitably estopped from asserting a quiet title action); *Sorenson v. Pyeatt*, 158 Wn.2d 523, 538-42, 146 P.3d 1172 (2006) (holding that equitable estoppel did not bar the plaintiff's quiet title action); *Lauer v. Pierce County*, 173 Wn.2d 242, 256-57, 267 P.3d 988 (2011) (holding that equitable estoppel did not bar certain claims in a LUPA petition).

In addition, we have concluded that a plaintiff could not assert equitable estoppel offensively in a declaratory relief action. *Mudarri*, 147 Wn. App. at 600, 619. In *Mudarri*, the State denied a private casino owner's request for permission to install certain electronic gambling machines in part based on the conclusion that only Indian tribes have legal authority to operate such machines. 147 Wn. App. at 598. The casino owner filed a declaratory judgment action against the State, alleging that the State was equitably estopped from denying his proposed operation of electronic gambling machines. *Mudarri*, 147 Wn. App. at 619. Affirming the superior court's CR 56 summary judgment dismissal of Mudarri's claims, we applied the principle that "[e]quitable estoppel 'is not available for offensive use by plaintiffs'" and concluded that as plaintiff, Mudarri could not affirmatively assert that the State is equitably estopped from preventing his proposed operation of electronic scratch ticket games. *Mudarri*, 147 Wn. App. at 619 (quoting *Greaves*, 124 Wn.2d at 397).

The Byrds argue that *Mudarri* is distinguishable because it was resolved on other grounds and is factually dissimilar from the Byrds' situation. But *Mudarri* is analogous to the facts in the

Byrds' case and is controlling. Just as the plaintiffs in *Mudarri* could not offensively assert equitable estoppel to prevent the denial of its request to operate gambling machines, the Byrds may not offensively assert equitable estoppel to prevent the denial of their request for an engineering deviation. 147 Wn. App. at 619. In both cases, the plaintiffs improperly rely on equitable estoppel as an offensive claim. As we held in *Mudarri*, as a matter of law, the Byrds cannot rely on equitable estoppel as a cause of action. 147 Wn. App. at 619.[2]

3.      BYRDS' AUTHORITY DISTINGUISHABLE

The Byrds cite to several cases to support their claims that they "properly pleaded a cause of action for equitable estoppel" and that they pleaded a valid equitable estoppel claim "in the context of permitting." Appellants' Br. at 9; Appellants' Suppl. Br. at 2. These cases are distinguishable.

*Parmelee v. Clarke*, *Kramarevcky*, and *Lybbert v. Grant County* involve the defensive use of equitable estoppel and are distinguishable on that basis. 148 Wn. App. 748, 752, 758, 201 P.3d 1022 (2008); 122 Wn.2d at 743; 141 Wn.2d 29, 45, 1 P.3d 1124 (2000). *Skagit Hill Recycling, Inc. v. Skagit County* is distinguishable because it involved a failure to adequately brief equitable

---

[2] Other states' authority also support that equitable estoppel is a defense and not a cause of action. *See, e.g.*, *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1463, 127 Cal. Rptr. 3d 372 (2011); *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 782, 164 Cal. Rptr. 3d 601 (2013); *Torliatt v. Ocwen Loan Servicing LLC*, No. 18-cv-01516-JSC, 2018 WL 2197689, at *4 (N.D. Cal. May 4, 2018); *Lawrence v. Wells Fargo Bank, N.A.*, No. C14-1272 PJH, 2014 WL 2705425, at *13 (N.D. Cal. June 13, 2014); *Howell v. Oregonian Pub. Co.*, 82 Or. App. 241, 247, 728 P.2d 106, 735 P.2d 659 (1986); *Lowe v. Pima County*, 217 Ariz. 642, 650, 177 P.3d 1214 (Ariz. Ct. App. 2008); *W. Corr. Grp., Inc. v. Tierney*, 208 Ariz. 583, 589, 96 P.3d 1070 (Ariz. Ct. App. 2004).

estoppel, resulting in the plaintiff waiving the issue. 162 Wn. App. 308, 321, 253 P.3d 1135 (2011).

Parmelee did not plead a cause of action for equitable estoppel. Rather than bringing an equitable estoppel claim as an "offensive" argument, Parmelee brought a legal action under the Public Records Act, ch. 42.56 RCW, and relied on equitable estoppel *defensively* to prevent the defendant from prevailing on its defense. *See Parmelee*, 148 Wn. App. at 758-59.

The Byrds' reliance of *Kramarevcky* fails because the Supreme Court upheld the use of equitable estoppel *as a defense* in an action by the Department of Social and Health Services to recoup overpayment of funds. 122 Wn.2d at 740-41, 750. The court repeatedly referred to "the defense of equitable estoppel." *Kramarevcky*, 122 Wn.2d at 741-42, 749. *Kramarevcky* does not support that equitable estoppel is a valid cause of action in permitting cases.

The plaintiff in *Lybbert* did not rely on equitable estoppel as a cause of action or raise it in an offensive manner; instead, they used it as a shield against the State's affirmative defense. 141 Wn.2d at 35-38. *Lybbert* does not support that equitable estoppel is a cause of action for offensive use by plaintiffs.[3]

In *Skagit Hill Recycling*, we held that because the plaintiff failed to adequately brief equitable estoppel in an administrative permitting appeal, plaintiff waived the issue. 162 Wn. App.

---

[3] The Byrds also cite to two unpublished cases, *Semenenko v. Department of Social & Health Services*, noted at 182 Wn. App. 1052 (2014), and *Department of Labor & Indus*tries *v. Kristensen*, noted at 198 Wn. App. 1064 (2017). These cases are not necessary to make a reasoned decision and do not support the Byrds' arguments, so we consider them no further. GR 14.1.

In addition, at oral argument, the Byrds cited to *Bersos v. Cape George Colony Club*, 4 Wn. App. 663, 484 P.2d 485 (1971). This case does not address whether equitable estoppel is available for offensive use by plaintiffs and it is distinguishable from the Byrds' claim, so we do not consider it further.

at 321.  Our conclusion that a plaintiff waived an argument does not support that equitable estoppel is a valid cause of action "in the context of permitting."  Appellants' Suppl. Br. at 2.

The Byrds rely on cases that are distinguishable because none of them involve a cause of action for the offensive use of equitable estoppel.

4.    EQUITABLE ESTOPPEL NOT CAUSE OF ACTION IN PERMITTING CONTEXT

*Motley-Motley*, *Inc. v. Pollution Control Hr'gs Bd*., 127 Wn. App. 62, 67, 110 P.3d 812 (2005), establishes that in claims challenging county permitting decisions, equitable estoppel is a defense rather than a cause of action.   Therefore, *Motley-Motley* does not support the Byrds' argument here.

In *Motley-Motley*, a property owner appealed the Pollution Control Hearings Board's (PCHB) ruling upholding the Department of Ecology's (DOE) decision that the plaintiff had relinquished its water rights through nonuse.  127 Wn. App. at 67.  For the first time on appeal in the superior court, the plaintiff asserted that the State should be equitably estopped from concluding that the plaintiffs had relinquished their water rights.  *Motley-Motley*, 127 Wn. App. at 67.  The superior court found that the PCHB did not have authority to hear the equitable estoppel claim, so it was properly raised for the first time in superior court.  *Motley-Motley*, 127 Wn. App. at 67.

On appeal, in its examination of whether the equitable estoppel claim was an equitable cause of action properly heard for the first time in superior court, Division Three of this court relied on the principle that "[e]quitable estoppel is available only as a shield, or defense; it is not available as a sword, or cause of action."  *Motley-Motley*, 127 Wn. App. at 73.  As such, Division Three of this court held that "Motley's equitable estoppel claim against DOE was not a separate action in

equity. Rather, it was an equitable defense to DOE's action at law, a claim for relinquishment of Motley's water right. Accordingly, Motley's assertion of an equitable estoppel defense did not convert the proceeding before PCHB into an equitable action." *Motley-Motley*, 127 Wn. App. at 74-75.

Just as Division Three of this court in *Motley-Motley* held that the plaintiff's equitable estoppel claim was a defense and not a cause of action, the Byrds' equitable estoppel claim would have been properly asserted as a defense in the context of a challenge to the County's permit denial rather than as a cause of action. The Byrds *could have* asserted in a LUPA appeal that the County was equitably estopped from asserting its interest in enforcing the deed restriction as a basis for the deviation permit denial in response to the County's assertion that the Byrds were prohibited under their deed from accessing the Subject Property for commercial use. This would be similar to the procedure Division Three deemed appropriate in *Motley-Motley*.

But the Byrds have expressly stated that they are not challenging the deviation permit denial and that their action is based on an equitable estoppel cause of action. Under the ample authority discussed here, the Byrds could not establish equitable estoppel as a cause of action as a matter of law.

5.    CONCLUSION

As a matter of law, equitable estoppel is a defense and not a claim upon which relief can be granted, so we hold beyond a reasonable doubt that the Byrds cannot prove any set of facts consistent with the complaint that would justify recovery on the basis of equitable estoppel. *See Kinney*, 159 Wn.2d at 842. Because equitable estoppel may not be relied upon for offensive use by plaintiffs, there is an "'insuperable bar to relief'" on the basis of an equitable estoppel action.

*Kinney*, 159 Wn.2d at 842 (quoting *Hoffer*, 110 Wn.2d at 420).  As such, the trial court properly granted the County's motion to dismiss the equitable estoppel claim.

### C.  QUIET TITLE

Next, the Byrds claim that their complaint pleaded a quiet title claim under RCW 7.28.010.[4] We disagree.

1.      PRINCIPLES OF LAW

A quiet title action is equitable and "'designed to resolve competing claims of ownership' to property."  *Bavand v. OneWest Bank, F.S.B.*, 176 Wn. App. 475, 502, 309 P.3d 636 (2013) (quoting *Walker v. Quality Loan Serv. Corp. of Wash.*, 176 Wn. App. 294, 322, 308 P.3d 716 (2013)); *see* RCW 7.28.010.  "An action to quiet title allows a person in peaceable possession or claiming the right to possession of real property to compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination."  *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621 (2001).

Washington law provides that the plaintiff in a quiet title action "shall set forth in his or her complaint the *nature of his or her estate, claim, or title to the property*, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail."  RCW 7.28.120 (emphasis added).  "It is a long-standing principle that '[a] plaintiff in an action to quiet title must succeed on the strength of his own title and not on the weakness of his adversary.'"  *Bavand*, 176 Wn. App. at 502 (bold omitted) (quoting *Desimone v. Spence*, 51 Wn.2d 412, 415, 318 P.2d 959 (1957)).

---

[4] Here, the Byrds allege quiet title as a cause of action separate from its "equitable estoppel" cause of action.  The Byrds brief the issues separately and treat them as independent causes of action.

RCW 7.28.010 provides,

Any person having a *valid subsisting interest in real property*, and a right to the possession thereof, *may recover the same by action in the superior court* of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action *quieting or removing a cloud from plaintiff's title*.

(Emphasis added.)

2.     NO QUIET TITLE CLAIM ASSERTED

The Byrds argue that their complaint asserted a quiet title claim because it mentioned quiet title in the heading for its causes of action, attached the "partially indecipherable" copy of the deed, and described the property transfers related to the subject property. Appellants' Reply Br. at 12. Thus, according to the Byrds, the complaint "clearly raise[es] the central question of what interests each party has in the subject property and can such rights be presently enforced." Appellants' Reply Br. at 12. We disagree.

a.     NO ASSERTED PROPERTY INTEREST

The Byrds' complaint failed to state a claim for quiet title because it failed to allege any "valid subsisting interest" and a right to "possess[]" a right of way over the County's property for commercial access to the Subject Property. RCW 7.28.010. In addition, the Byrds did not seek to "recover" a right of way from the County to which the Byrds claimed a competing property interest. RCW 7.28.010. Contrary to the Byrds' assertions, the mere mention of "quiet title" in a heading, attached deeds, and description of property transfers fails to allege any property right that the Byrds have that is in conflict with the County's alleged property rights. *See* RCW 7.28.010, .120.

17

The Byrds' complaint relies solely on the doctrine of equitable estoppel rather than asserting a "valid subsisting interest in" a right of way for commercial access. RCW 7.28.010. Specifically, the Byrds' complaint alleges that the County made representations that it would allow the Byrds to commercially develop their property. The Byrds' complaint seeks to estop the County from enforcing its "covenant on title restricting residential access only to the Subject commercial Property," and thus it attempts to prevent the County's enforcement of its right to restrict access. CP at 6.

The Byrds' complaint fails to assert that they have a right to possession of a right of way over the County's property for commercial access to the Subject Property. Such a possessory right would be necessary to establish a quiet title claim. *See* RCW 7.28.010, .120. Although the complaint states that the elements of equitable estoppel are satisfied, estoppel is not a doctrine that itself asserts or establishes rights of the party *raising* the equitable estoppel defense; instead, it is a doctrine that when raised properly, prevents another party from asserting its own right when it contradicts what the party has said or done before. *See Lybbert*, 141 Wn.2d at 34. As such, the Byrds' attempt to raise the doctrine of equitable estoppel regarding the County's alleged representations that it would allow commercial development on the Subject Property does not assert a "valid subsisting interest" that the Byrds have that may be "recover[ed]" through a quiet title claim. RCW 7.28.010, .120.

Without asserting and relying on the strength of their own title to establish their purported quiet title action, the Byrds have failed to state a claim for quiet title. *See Bavand*, 176 Wn. App. at 502.

18

b.  NO QUIET TITLE RELIEF REQUESTED

In addition, the complaint fails to state a claim for quiet title because it did not request relief in the form of "*quieting or removing a cloud from plaintiff's title*" that is available in a quiet title claim. RCW 7.28.010 (emphasis added). The request for relief did not request an interpretation of the deed language to resolve conflicting title claims, nor did it assert or argue that the deed language was disputed and that the Byrds were entitled under the deed to a right of way over the County's property for commercial access to the Subject Property. These are theories and assertions that are not contained in the complaint and instead were raised for the first time in the Byrds' answer to the County's motion to dismiss.

The requests for relief included "an order estopping the County from denying Plaintiffs' minor right of way driveway deviation" and a "permanent *injunction against the enforcement* of a covenant on title restricting residential access only to the Subject commercial Property." CP at 6 (emphasis added). By requesting relief preventing *enforcement* of the access restrictions, rather than requesting interpretation of the rights and restrictions governing a clouded title or an order quieting title as to the parties' rights, the complaint appears to acknowledge that the deed prohibits commercial access to the property and does not request a judgment for the quiet title relief contemplated by RCW 7.28.010.

3.      BYRDS' AUTHORITY DISTINGUISHABLE

To support their quiet title claim, the Byrds rely on *Butler v. Craft Engineering Construction Co.*, 67 Wn. App. 684, 700, 843 P.2d 1071 (1992).[5]

This case is factually distinguishable.  In *Butler*, Division One of this court considered whether the trial court erred when it failed to quiet title where it was *undisputed* that the plaintiffs had asserted a quiet title claim, and the defendants asserted quiet title in their summary judgment motion and trial briefing.  *See* 67 Wn. App. at 700.  In contrast, the Byrds appeal a motion to dismiss based on their failure to adequately state a claim for quiet title in their complaint.  *Butler* does not help resolve the question of whether the Byrds' complaint adequately stated a quiet title claim.

4.      CONSTRUCTION OF DEED LANGUAGE

The Byrds also raise numerous detailed arguments regarding the proper construction of the deed language.  These arguments relate to the merits of the Byrds' alleged quiet title claim.  To the extent the Byrds ask us to construct the deed language, their claim fails.  Our review of a motion to dismiss considers only whether the complaint has adequately stated a claim for relief.

---

[5] The Byrds also rely on the unpublished case *Fix v. Fix*, noted at 176 Wn. App. 1030, 2013 WL 5311267 (2013).  Because *Fix* is unpublished and is not necessary to provide a reasoned decision and because the authority is clearly factually distinguishable, we do not consider it further.

*Kinney*, 159 Wn.2d at 842. This inquiry does not include reaching the merits of the Byrds' arguments regarding deed interpretation.[6]

CONCLUSION

The Byrds' complaint relied on equitable estoppel, which is not available for offensive use to state a cause of action by plaintiffs, and their complaint failed to state a claim for quiet title to a right to possess a right of way for commercial access to the Subject Property. As such, under CR 12(b)(6), the Byrds failed to state a claim upon which relief can be granted, and the superior court properly granted the County's motion to dismiss.

We affirm.

JOHANSON, J.

We concur:

MAXA, C.J.

SUTTON, J.

---

[6] We need not reach the exhaustion of remedies issue because the Byrds' failure to state a claim is a proper basis for the superior court to grant the County's CR 12(b)(6) motion to dismiss. In addition, we need not reach the Byrds' claim, raised in an assignment of error, that their complaint asserted an action for injunctive relief. The Byrds failed to provide argument and failed to provide legal or factual support that their complaint asserted an action for injunctive relief. We do not consider claims unsupported by legal authority, citation to the record, or argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). As such, the issue is waived, and we do not address if further. RAP 10.3(a)(6). *Cowiche Canyon Conservancy*, 118 Wn.2d at 809.